E. J. BURKE, Plaintiff in Error,
v.
Claude SCOTT, Defendant in Error.
No. 39208.

Supreme Court of Oklahoma.
March 21, 1961.
Rehearing Denied April 18, 1961.

Frye, Frye & Frye, by Roy Frye, Jr., Sallisaw, for plaintiff in error.

Ingle & Ingle, by Katherine Ingle, and Paul V. Carlile, Sallisaw, for defendant in error.

WILLIAMS, Chief Justice.

Claude Scott, defendant in error, commenced this action in the District Court of Sequoyah County against E. J. Burke, plaintiff in error. Scott sought judgment for the sum of $5,027.24. This sum was alleged to be due on an oral contract for personal services, use of pickup and horse, and money spent for materials and supplies. From judgment on the verdict in favor of Scott, Burke appeals. The parties will be referred to as in the trial court.

In his petition plaintiff alleged that defendant hired him as general manager of his ranches in Sequoyah County; that plaintiff performed this contract from the date of employment, March 25, 1958, until notified, July 25, 1958, by a notice published in a local newspaper that his services were no longer needed; that defendant owed plaintiff $1,510 for use of his pickup and horse, $642.27 for materials and supplies and $2,875 salary, balance due on a year's salary.

In his answer and cross-petition defendant alleged that plaintiff was hired on a month to month basis at a salary of $250 per month; that he discharged plaintiff April 4, 1958; that he owed plaintiff $250 for salary of which he had paid $125; that defendant had given plaintiff a check for $135 with which to purchase a horse for him, but plaintiff had not delivered the horse. He prayed that he might have possession of the horse or $135.

Witnesses for the plaintiff testified that in the spring and early summer of 1958,

they saw plaintiff on or near the Burke ranch driving a pickup with a horse in it. Plaintiff testified that the minimum term of his employment was to have been 1 year; that he didn't remember receiving from defendant letters respectively dated April 4, April 11, or May 8, 1958, advising him that he was discharged; that he signed a receipt for said May 8th letter; that he did not pay attention to letters defendant wrote him because defendant had told him he would come to see him when he was ready to settle up; that defendant told him to use plaintiff's pickup and horse but there was no agreement as to how much he would be paid for the use of them; that on July 10, 1958, and August 2, 1958 he sent to defendant by certified mail letters containing bills for materials and supplies plaintiff had purchased and for which he said he had paid cash.

Defendant testified that he had never discussed with plaintiff the using by plaintiff of his pickup and horse; that he furnished plaintiff a jeep to drive and told plaintiff he would buy him a horse to ride; that he did not know that the jeep had broken down until some other person told him about it later; that he had not seen the letters of July 10, 1958, and August 2, 1958, and that he did not sign the receipts for them; that he gave plaintiff a check for the horse, but the animal had not been delivered to him.

The jury allowed plaintiff $875 for salary, $413 for use of pickup, $50 for use of horse and $112 for expenses incident to his employment less $135 for the horse, or a total of $1,315.

For reversal defendant poses three propositions which are as follows:

"1. The amount of recovery is too large and the verdict and decision is not sustained by sufficient evidence and is contrary to law, particularly with reference to the award of $875.00 for salary to Claude Scott.

"2. The amount of recovery is too large and the verdict and decision is not sustained by sufficient evidence and is contrary to law, specifically, with reference to the award in the verdict of $413.00 as pay for the use of Scott's pickup.

"3. The amount of recovery is too large and the verdict and decision is not sustained by sufficient evidence and is contrary to law, particularly, with reference to the award of $50.00 for the use of his horse."

We shall consider the three propositions together since, as to each, sufficiency of the evidence is involved.

The defendant argues that the employment terminated on May 12, 1958, when plaintiff received defendant's letter which advised him of his discharge. Plaintiff testified, "Mr. Burke always told me that he would come up here and settle up with me in full and for me not to pay any attention to anything he wrote. That he might get mad and take a notion to write me and fire me but not to pay any attention to it, that he would come up here himself and discharge me * * *" The defendant did not deny he so advised plaintiff. Plaintiff further testified that he could not read and had not read defendant's letters to him, but just got the checks out of them; said he didn't so much as open those in which there were no checks.

Defendant was admittedly in Sequoyah County on June 2nd or 3rd when plaintiff drove him around over his properties in plaintiff's pickup.

Under his first proposition defendant suggests that $875 would be salary for 3½ months; that this would indicate the jury found that plaintiff's employment terminated about July 10, 1958; that there is no evidence to support such a finding. The plaintiff was paid his salary for two weeks, $125. This added to the amount the jury awarded would indicate that it found that plaintiff's employment terminated about July 24, 1958. This was in line with plaintiff's evidence. It also was the approximate date, as related by several witnesses, when defendant published a notice in one or two local papers to the effect he had sold his

ranch and that supplies should no longer be charged to him at request of plaintiff.

Under the third proposition defendant further argues that the court erred in giving instruction No. 5. This instruction allowed plaintiff to recover pay for use of his horse from date of employment until date of discharge. Defendant contends that the instruction should have limited recovery to June 2, 1958 (when plaintiff purchased the $135 horse for defendant) or date of plaintiff's discharge, whichever was earlier. The defendant took no exception to this instruction as he was required to do by the provisions of 12 O.S.1951 § 578.

Under the circumstances this court will not review such instruction further than to determine whether there was fundamental error therein. We have examined the instruction for this purpose and find that it is free from fundamental error.

In Atlas Life Insurance Co. v. Eastman, Okl., 320 P.2d 397, 404, this court said: "In Klaus v. Fleming, Okl., 304 P.2d 990, 991, the opinion states: 'In order to have a review of the action of a trial court in giving certain instructions, it is necessary that the exceptions to the instructions as given be signed by the trial judge, as provided by statute, 12 O.S.1951 § 578. The only exception to this rule is where prejudicial error, erroneous statements of fundamental law, appear upon the face of the instructions.' "

That plaintiff was employed and the monthly salary he was to receive were admitted. The evidence differed as to when plaintiff's employment was terminated. While defendant testified he mailed one or more letters in an attempt to discharge plaintiff, evidence was introduced warranting the jury in finding defendant permitted plaintiff to continue in his employment. From our examination of the evidence we do not find a lack of testimony on the part of plaintiff as to when he was notified he had been discharged. Rather, there was competent evidence reasonably tending to sustain the verdict of the jury

and the judgment of the trial court based thereon.

In Beckman, Inc. v. May, Okl., 331 P.2d 923, 925, we stated:

"Where it is contended that the jury's verdict and trial court's judgment based thereon is not sustained by the evidence, such contention on appeal will be held without merit if there is any evidence, though conflicting, reasonably tending to support such verdict and judgment."

Judgment affirmed.

BLACKBIRD, V. C. J., and WELCH, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.