**O. P. SHOOPMAN, Jr., Appellant,**

v.

**TRAVELERS INSURANCE COMPANY, a corporation, et al., Appellees.**

**No. 45744.**

Supreme Court of Oklahoma.

Jan. 29, 1974.

Berry & Berry, and Tom Barrett, Oklahoma City, for appellant.

Monnet, Hayes, Bullis, Grubb, Thompson & Edwards by John T. Edwards, Oklahoma City, for appellees.

IRWIN, Justice:

The issue presented is whether the trial court's instructions constitute reversible error.

Appellant, O. P. Shoopman, Jr. [plaintiff], commenced this action to recover damages for personal injuries sustained in a head-on collision between two motor trucks. The jury returned a verdict for appellants [defendants], and judgment was rendered accordingly. Plaintiff appealed.

The accident occurred in plaintiff's lane of traffic while he was operating his motor vehicle within the city limits of Davis, Oklahoma. Plaintiff alleged that defendant, Leonard B. Doss, was the owner of the truck involved; that he was a "Class B Motor Carrier"; that his liability insurance company was Travelers Insurance Company; and that defendant, Kenneth Joe Owens, was driving the truck at the time of the accident. Plaintiff generally proceeded on the theory that the defendant driver was driving left of center (in plaintiff's lane of traffic) at the time of the ac-cident; that driving left of center was in violation of the ordinances of the City of Davis and the State laws, and constituted negligence per se; and that such negligence was the proximate cause of the accident.

Defendants defended on the theory that plaintiff was guilty of contributory negligence and the accident was unavoidable.

Plaintiff's primary challenge to the instructions is directed at Instruction No. 8, which is as follows:

" 'The incontroverted evidence in this trial demonstrates that defendant's vehicle crossed over the center line on a curve marked a no passing zone while meeting the vehicle of plaintiff, and this is indicative of negligence on the part of the defendants.

" 'However, if you find from the evidence that this collision was an unavoidable accident, the plaintiff cannot recover judgment against them. An "unavoidable accident" is one that occurs without negligence or fault on the part of either of the parties. In this case, if you find there was a broken part of defendant's vehicle that caused the collision, that the break, or the possibility of its happening, could not have been discovered by ordinary and reasonable care and maintenance, then you could find these defendants not liable, and your verdict would have to be for them.' " (emphasis ours).

Plaintiff contends that the underlined portion of the instruction, i. e. "indicative of negligence", does not correctly state the rule of law. Plaintiff argues that the evidence is incontroverted that defendant driver was across the center line in plaintiff's lane of traffic; that there is a presumption of negligence accompanying every violation of the rule of the road; and that the burden was upon defendants to prove that their acts were due to circumstances beyond their control and were not guilty of negligence. Plaintiff contends that the instruction as given failed to put the burden of proof upon defendants to

show why their truck was across the center line.

Plaintiff relies on Garner v. Myers, Okl. (1957), 318 P.2d 410, wherein we held:

"In a case where the personal injuries for which plaintiff is seeking damages are the result of an automobile accident in which the car he was riding was struck by the defendant driving her car from the opposite direction and across the center of the highway into plaintiff's car's lane in violation of statutory rules of the road, and by reason of no fault of the driver of plaintiff's car, proof of such facts is prima facie evidence of the defendant's negligence and casts upon her (or him) the burden of overcoming such presumption of negligence and showing that her violation of said statute was excusable under the circumstances. This burden requires evidence reasonably explaining that such violation was due to something other than her negligence, or to circumstances which she could not reasonably have controlled or altered. Such explanation is sufficient, in view of plaintiff's ultimate burden of proving his injuries were proximately caused by defendant's negligence, if it makes it appear as reasonable that the accident was unavoidable as that it was the proximate result of defendant's negligence."

In Garner, the trial court in its instructions indicated to the jury that it might find for the defendant on the ground of her defense of sudden emergency, still the court gave the jury no criterion with which to determine whether or not she had established such defense. Also, the only instructions given with reference to burden of proof cast upon plaintiff the burden of proving defendant negligent by a preponderance of the evidence.

Under Instruction No. 8, supra, the trial court defined "unavoidable accident" and gave the jury a criterion with which to determine whether or not defendants had established their defense of an unavoidable accident.

Also, the trial court specifically instructed the jury concerning the rules of the road and that "a violation of a State law or ordinance in the operation of a motor vehicle is negligence per se; that is, negligence in and of itself". In this connection see Clark v. Hawkins, Okl. (1958), 321 P. 2d 648, wherein we held:

"The driving of an automobile on the wrong side of the road, in violation of the statutory rules of the road, is prima facie evidence of negligence, and casts upon such party the burden of overcoming the presumption and showing that the violation was excusable under the circumstances existing at the time such negligence is alleged to have occurred."

In reference to the "burden of proof" the trial court placed the same burden of proof upon defendants to establish their defense of "unavoidable accident" as it placed upon plaintiff to establish his cause of action against defendants. The trial court explained the term "burden of proof" in its Instruction No. 2, as follows:

" 'In a civil lawsuit, such as this one, there are requirements as to which party is to prove to you certain things. This is called "burden of proof".

" 'When I say that a party has the burden of proof on any proposition, or use the expression "if you find", or "if you decide", I mean you must be persuaded, considering all the evidence in the case, that the proposition on which party has the burden of proof is more probable true than not true.' "

■ Although driving of an automobile on the wrong side of the road, in violation of the rules of the road is prima facie evidence of negligence and the trial court so instructed in the case at bar, neither Clark nor the Garner case will uphold the proposition that being on the wrong side of the road in violation of the rules of the road constitutes negligence per se, if being on the wrong side of the road is legally excusable. In other words, driving an automobile on the wrong side of the road in viola-

tion of the rules of the road, does not constitute negligence if the driver was without fault or was not guilty of negligence in being on the wrong side of the road.

In the case at bar, defendants' being on the wrong side of the road and in plaintiff's lane of traffic at the time of the accident, was not negligence per se if being on the wrong side of the road occurred without negligence or fault on the part of the defendants.

Part of Instruction No. 9 was:

"If you find it is more probably true than not true that the collision was an unavoidable accident, then * * * your judgment must be in favor of the defendants and against plaintiff, and you should so state in your verdict."

The trial court's first instruction, which set forth the pleadings, states that defendants "assert that a mechanical defect caused loss of control of defendants' vehicle making the collision unavoidable."

■ The jury was advised that defendants asserted the defense of "unavoidable accident" and considering the instructions as a whole, the jury was sufficiently advised that the burden was upon defendants to establish that their being on the wrong side of the road was without negligence or fault on their part. We cannot conclude that the instructions, considered as a whole, constitute reversible error.

■ Plaintiff challenges the trial court's Instruction No. 4, which is as follows:

"'The mere proof of an accident or injury carries with it no presumption of negligence, but the burden of proof rests upon the party alleging negligence to establish the same by evidence which to your minds seems more probably true than not true. Likewise, the burden of proof is upon such party to show that the negligence so established was the proximate cause of the injury and damage, if any, received by the party alleging the same.

"'Further, the mere proof of an accident or injury carries with it no presumption of contributory negligence, but the burden of proof as to contributory negligence rests on the party alleging the same.'"

Plaintiff argues the above instruction is erroneous where the incontroverted evidence disclosed that defendant was across the center line and in plaintiff's lane of traffic at the time of the accident.

Instruction No. 4, must be considered in connection with the other instructions, and in particular, Instruction No. 5 and 6, where the jury was instructed concerning the rules of the road and that "a violation of State law or ordinance in the operation of a motor vehicle is negligence per se, that is, negligence in and of itself".

The instructions considered in their entirety fairly submitted the issues to the jury and plaintiff was not prejudiced by Instruction No. 4. See Wooten v. Hall, Okl., 442 P.2d 334.

■ Plaintiff contends that Instruction No. 9, "listing seven requirements of plaintiff, casts an erroneous and heavy burden upon him which was not necessary under the evidence", and that the instruction "gives the defendants three outs".

Plaintiff does not point out which of the seven requirements placed upon him or which of the allegedly "three outs" given defendants were erroneous. We have examined this instruction and we cannot sustain plaintiff's contention that such instruction constitutes reversible error.

Certiorari granted; Decision of Court of Appeals reversed; and Judgment of the Trial Court affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, HODGES and LAVENDER, JJ., concur.

BARNES, SIMMS and DOOLIN, JJ., dissent.