Doyce Edgar CROY, Individually, Sammy Lou Croy, Individually, Doyce Edgar Croy and Sammy Lou Croy, as Administrators of the Estate of Craig Kevin Croy, Deceased, Appellants,

v.

BACON TRANSPORT COMPANY, a corporation, Bacon Incorporated, a corporation, Truck Insurance Exchange, a foreign insurance company and Grant Jerome Friton, an Individual, Appellees.

No. 52048.

Supreme Court of Oklahoma.

Dec. 11, 1979.

Charles R. "Chuck" Lane, Duncan, for appellants.

Foliart, Mills & Niemeyer, Oklahoma City, for appellees.

DOOLIN, Justice:

This is a wrongful death action combined with a survival action, 12 O.S.1971 § 1051, et seq., brought by plaintiffs individually and as administrators of the estate of Craig Kevin Croy, deceased.

At dusk, in September of 1976, Croy and a friend were driving north on a two-lane highway when they collided with a tractor-trailer driven by defendant Friton and owned by Bacon Transport Company. Defendant Friton, traveling south, was following a car driven by Mary Peterson. When she slowed down in an approach to a bridge, Friton either swerved into the left lane to avoid striking Peterson's car, or attempted to pass her. He collided headon with Croy's car. Croy was killed but his passenger was uninjured. There was no contact with the Peterson car. This suit followed, based on negligence of Friton. Peterson is not a party.

Defendants answered, asserting defenses of sudden emergency and contributory negligence. The case was submitted to the jury who returned a general verdict in favor of defendants. Plaintiffs appeal.

On appeal, plaintiffs first six propositions of error deal with the jury instructions. At trial, plaintiffs offered no requested instructions and objected to only one instruction complained of on appeal. This instruction, # 14, is not set out in plaintiffs' brief "in totidem verbis" as required by the rules of this court.[1]

Plaintiffs claim generally trial court should not have instructed on contributory negligence of deceased or on unavoidable accident as there was no evidence of either at trial. They further claim instructions did not reflect that any possible negligence of deceased must have contributed to the cause of the accident in order to relieve defendants of liability. However, plaintiffs did not preserve their objections to the instructions, at trial or on appeal.[2]

Where objections to instructions are not preserved, this court examines them only to ascertain whether they are free from fundamental error.[3] The doctrine of fundamental error, used sparingly in civil cases, is error which goes to the foundation of the case, or which takes from a party a right essential to his case.[4]

Instructions # 14 provided in part:

"You are instructed to first consider the negligence, if any, of the parties involved in the accident, that is, the negligence, if any, of the plaintiffs' deceased, Craig Kevin Croy, in the operation of his automobile, and the negligence, if any, of the defendant driver, Grant Jerome Friton, in the operation of his vehicle, and the negligence, if any, of Mary Peterson, in the operation of her vehicle, and make your findings thereon. Your findings must be based upon a percentage.

"If you should find that the accident was proximately caused by the negligence of the defendant driver, Grant Jerome Friton, and not by any negligence on the part of Mary Peterson or the plaintiffs' deceased, Craig Kevin Croy, which contributed to the proximate cause of the occurrence, then the plaintiffs are entitled to recover 100% of any damages you may find the plaintiffs sustained

---

**1.** 12 O.S.1971, Ch. 15, Rule 15:

". . . Where a party complains of an instruction given or refused, he shall set out in totidem verbis the instruction or the portion thereof to which he objects together with his objection thereto . . ."

**2.** See 12 O.S.1971 § 578.

**3.** *Liberty National Bank of Weatherford v. Semkoff,* 184 Okl. 18, 84 P.2d 438 (1938); *Burke v. Scott,* 361 P.2d 272 (Okl.1961).

**4.** *Johnson v. Elliott,* 112 Ariz. 57, 537 P.2d 927 (1975); *Petty v. Frank,* 194 Okl. 382, 151 P.2d 926 (1943).

which were proximately caused by the negligence of the defendants and which resulted from the automobile accident.

"If you should find that the occurrence was proximately caused by the combined negligence of the plaintiffs' deceased, Craig Kevin Croy, Mary Peterson, or the defendant driver, Grant Jerome Friton, or the combined negligence of any two or more of the foregoing named drivers proximately caused the accident, then you must determine the percentages of each of their negligence as it compares to 100%.

"If the negligence of the plaintiffs' deceased, Craig Kevin Croy, is of a lesser percentage than the negligence of the defendant driver, Grant Jerome Friton, and Mary Peterson, then the plaintiffs are entitled to recovery on their claim the full amount of any damages you find the plaintiffs have sustained as a result of the occurrence, not to exceed the amount sued for, and in this regard, you are instructed that the Court will determine the amount of damages based on the percentages of negligence as determined by you as that percentage of negligence bears to the total damages sustained by the plaintiffs.

"You are further instructed that if you find that the negligence of the plaintiffs' deceased, Craig Kevin Croy, is 50% or a greater percentage than the combined negligence of the defendant driver, Grant Jerome Friton and Mary Peterson, then the plaintiffs are not entitled to recover and you need not assess the plaintiffs' damages in your verdict."

Plaintiffs did not object to other instructions on contributory negligence.

An examination of the testimony reveals a passenger in Mary Peterson's car stated Croy "flew by" and estimated his speed at 85 miles per hour. Defendants presented a hypothetical question to their expert witness who answered that if Friton's tractor-trailer was traveling at five miles per hour, Croy's vehicle was probably going at least sixty miles per hour at impact. In addition Friton's entire testimony was in support of his defense of sudden emergency and unavoidable accident.

■ In view of this testimony we do not believe it was fundamental error to instruct the jury on contributory negligence or on unavoidable accident. Not being fundamental, plaintiffs' failure to preserve error is fatal. Accordingly we will not reverse based on erroneous instructions on contributory negligence.

Plaintiffs did except to instruction # 14 at trial, and on appeal set out that portion of this instruction permitting the jury to assess a percentage of negligence to Mary Peterson, although she was not a party to the suit. They claim such an instruction is improper in light of our comparative negligence statute, 23 O.S.1978 Supp. § 11 and *Laubach v. Morgan*, 588 P.2d 1071 (Okl. 1979).

■ The jury returned a general verdict in favor of defendants. No percentages of negligence were assessed to any party. Under instruction # 14 this would indicate the jury found, 1) collision was an unavoidable accident, or 2) Croy was contributorily negligent in excess of 50%. It is apparent jury did not consider any negligence of Mary Peterson in arriving at that verdict. Thus any possible error in the instructions in this respect had no effect on plaintiffs' failure to recover.

■ Plaintiffs claim error in trial court's not allowing the highway patrolman who investigated the accident to testify as to his estimate of the speed of the vehicles prior to impact. Plaintiffs attempted to elicit patrolman's estimate of Croy's speed based, not on skid marks, but on physical damage to the vehicles. The patrolman admitted he was not qualified in this area and plaintiffs did not pursue their examination of him based on skid marks. Further the patrolman testified he had relayed the information he noted at the accident scene to a damage reconstruction expert who did testify later in the trial. We find no reversible

error in trial court's sustaining defendants' objections to this patrolman's testimony.[5]

Plaintiffs also urge trial court erred in refusing to rule on their request for additional witnesses to be added to the pre-trial order. They do not state names of any witnesses not permitted to testify or make any offer of proof as to what their testimony would have been. Record reveals two motions to endorse witnesses by plaintiffs filed the day trial commenced. Although there is no order ruling on these motions, the transcript does not reveal that any of the people named in the motion were called by plaintiffs. We find no error.

Plaintiffs lastly claim trial court erred in ruling at pretrial that punitive damages were not a proper element of damages and in striking the sister of deceased as party plaintiff. These two allegations of error would be material only if jury had found defendants were negligent. Therefore they are not determinative of this appeal.

AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, BARNES, SIMMS and OPALA, JJ., concur.

---

5. *Wall v. Partridge,* 466 P.2d 628 (Okl.1970).