**Glen F. ANKNEY and Wayne Fees, Appellants,**

v.

**Barbara Constance HALL, Administrator of the Estate of John Howard Hall, Deceased, and Firestone Tire and Rubber Company, Appellees.**

No. 65721.

Supreme Court of Oklahoma.

Sept. 27, 1988.

Rehearing Denied Nov. 8, 1988.

Tom Erbar, El Reno, for appellants.

Niemeyer, Noland & Alexander by Linda G. Alexander, Oklahoma City, for appellees.

HODGES, Justice.

The issue presented by this case is whether the trial court committed prejudicial reversible error by instructing the jury on "unavoidable accident." The Court of Appeals found the instruction unnecessary and erroneous, but determined that no reversible error of law occurred. We grant certiorari and hold that the "unavoidable accident" instruction was prejudicial reversible error under the facts of this case.

On the afternoon of June 11, 1982, decedent, John W. Hall, was driving west in the inside lane of the Turner Turnpike in a 1979 Ford Fairmont owned by his employer, the Firestone Tire and Rubber Company. The appellants, Glen F. Ankney and Wayne Fees, were driving their 1977 Chevrolet van east in the outside lane of the Turnpike. It was raining and the road was wet. For no reason that was ever ascertained at trial, Hall's vehicle crossed the median and came to rest in the eastbound lane where it was struck by the appellants' vehicle. Hall was killed and the appellants were injured.

The appellants sued Firestone and Hall's estate. The trial court instructed the jury on negligence, sudden emergency, unavoidable accident, comparative negligence and punitive damages. The appellants objected to the unavoidable accident instruction. A jury verdict was returned for the appellees.

▆ Appellants' motion for a new trial was overruled. The Court of Appeals affirmed holding that, although the unavoidable accident instruction was unnecessary and erroneous, the error was harmless.

The trial court's Instruction No. 32 stated:

"An unavoidable accident is one which occurs without negligence on the part of either party. If you find from the evidence in this case that the accident was unavoidable, then your verdict should be for the Defendants, John Howard Hall and Firestone Tire and Rubber Company."

Such an instruction is appropriate only when evidence has been introduced "showing some factor over which the parties had no control, or could not, except by the exercise of exceptional foresight, have predicted. *Hayward v. Ginn*, 306 P.2d 320, 323–24 (Okla.1957). Examples of such a factor include "the unanticipated presence of grease or other material on a road rendering it slick or slippery, or, of loose gravel, or some latent defect or unforeseeable condition which renders good braking ineffective when applied." *Huey v. Stephens*, 275 P.2d 254, 256 (Okla.1954). *See also*

*Shoopman v. Travelers Insurance Co.,* 518 P.2d 1108, 1111 (Okla.1974) (latent mechanical defect causing loss of control of vehicle). If the evidence at trial indicates the negligence of either driver, the unavoidable accident instruction should not be given. *Foltz v. Nicholson,* 327 P.2d 692, 695 (Okla.1958). Therefore, the instruction has no application when there is a presumption of negligence arising from a violation of the statutory rules of the road.

■ Crossing the center median is a violation of an Oklahoma statute, *see* Okla. Stat. tit. 47, § 11–311 (1981), and prima facie evidence of negligence which can be overcome only by showing that, under the circumstances, the violation was due to something other than the negligence of the driver. *Garner v. Myers,* 318 P.2d 410, 413 (Okla.1957). The undisputed testimony, demonstrating Hall's violation of this statute, created a presumption of negligence that required the appellees to show that the collision was caused by some unforeseeable condition or circumstance, rather than Hall's negligence.

■ It is error to give an unavoidable accident instruction when there is no evidence that the occurrence resulted other than from negligence. *Kelly v. Employers Casualty Co.,* 202 Okla. 437, 441, 214 P.2d 925, 929 (1950). We have considered the evidence and circumstances and conclude that the presumption of negligence arising from Hall's violation of the statute was not overcome by evidence indicating that the collision resulted from an unforeseeable condition or circumstances rather than from negligence.

The Court of Appeals found the unavoidable accident instruction to be unnecessary and erroneous noting that the Oklahoma Uniform Jury Instructions, Civil, recommend that the instruction not be given because the general instructions on negligence should adequately cover this area. The court, however, held the instruction was harmless error. We believe the error prejudiced the appellants.

■ The test upon review of an improper instruction is "whether there is a probability that the jurors were misled and thereby reached a different result than they would have reached but for the error." *Woodall v. Chandler Material Co.,* 716 P.2d 652 (Okla.1986) (citing *Reinhart & Donovan Co. v. Williamson,* 191 Okla. 539, 131 P.2d 765 (1942)). We find a probability that appellants' case was prejudiced by the unavoidable accident instruction.

This Court has held: "It is reversible error to give an instruction which has no application to the issues involved or evidence in support thereof, where it is apparent that the rights of the losing party were thereby prejudiced." *Fauks v. Garrett,* 205 Okla. 129, 133, 235 P.2d 921, 925 (1951) (quoting *Dickson v. Joy,* 188 Okla. 597, 599, 112 P.2d 355, 356 (1941)). The real issues in this case involve negligence, which is presumed by Hall's violation of a statute. Negligence is not an element of unavoidable accident. It must result from unforeseen circumstances and conditions. *Kelly,* 202 Okla. at 441, 214 P.2d at 929.

The instructions as a whole did not fairly present the law applicable to the issues raised by the evidence. The jury was not adequately apprised of the appellees' burden of producing evidence to rebut the presumption of Hall's negligence. Unavoidable accident is only another way of denying negligence. The unavoidable accident instruction improperly suggested a defense separate and distinct from nonnegligence. "The habit of instructing on defenses which are properly categorized as denials of allegations, can lead to incorrect burdens of proof...." *Studebaker v. Cohen,* 747 P.2d 274, 277 (Okla.1987) (Concurring in Result opinion).

Not only was the unavoidable accident instruction not required to outline the real issues in the case, it probably misled and confused the jury. It implied that Hall was exercising ordinary care when he was to be presumed negligent in crossing the center median in violation of the statutory rules of the road. The jury was given the opportunity to excuse the presumptively negligent conduct of Hall by finding the accident was the fault of no one.

Great caution should be exercised in submitting a case to a jury on an unavoidable accident instruction. It should rarely be given. Its use should be restricted to those instances where the evidence indicates the occurrence was caused by unforeseen circumstances or conditions and not by the negligence of either party. In the absence of a showing of some factor over which the parties had no control or could not have predicted, a requested instruction on unavoidable accident should be firmly rejected.

The present case illustrates the type of occurrence that does not ordinarily happen without negligence on someone's part. Hall's violation of the statute raised a presumption of negligence which negated any issue of unavoidable accident. We hold that the unavoidable accident instruction was clearly error. Moreover, there is a probability the jurors were misled and confused by the instructions which failed to adequately outline the issues in the case. The rights of appellants were thus prejudiced and the trial court should have sustained appellants' motion for a new trial.

In view of the prejudicial error in the trial court's instructions, the opinion of the Court of Appeals is hereby vacated and the judgment of the trial court is reversed. The cause is remanded for a new trial.

SIMMS, OPALA, KAUGER and SUMMERS, JJ., concur.

ALMA WILSON, J., concurs in result.

LAVENDER, J., dissents.

HARGRAVE, V.C.J., disqualified.