**Cora Mae LEE and Alvin W. Lee, Appellants,.**

v.

**Robbie Allen COTTEN, and Armco Enterprises, Inc., d/b/a Remco, Inc., Appellees.**

No. 71164.

Court of Appeals of Oklahoma, Division No. 3.

June 5, 1990.

Redmond P. Kemether and Robert E. Walker, Oklahoma City, for appellants.

Chris Harper, Oklahoma City, for appellees.

## MEMORANDUM OPINION

BAILEY, Judge:

Appellant Alvin W. Lee seeks review of the Trial Court's order dismissing his claim for loss of consortium. Appellant Cora Mae Lee appeals judgment entered on jury verdict for Appellees on Appellant Cora's negligence claim.

On December 19, 1985, Cora apparently suffered injury in a automobile accident when a vehicle owned by Appellee Armco and driven by Appellee Cotten struck the car driven by another (not a party hereto) in which Cora rode as a passenger. Cora was taken to a local hospital emergency room, examined and released. Cora subsequently underwent treatment for her alleged injuries from several different doctors during the next two years.

However, in August or September, 1987, about two months before initiation of the present action, Appellants were involved in another traffic accident near Lawton, Oklahoma. Appellants subsequently received treatment for their injuries therein sustained, and Appellants' physicians thereafter released Appellants from further treatment. Appellants apparently reached an out-of-court settlement with the parties to the Lawton accident.

Appellants Alvin and Cora commenced the instant action against Appellees herein in November, 1987 to recover damages for the alleged injuries to Cora and for loss of consortium therefrom by Alvin suffered as a result of the December, 1985 accident. Just prior to the trial, the Trial Court granted Appellees' motion to dismiss Alvin's claim for loss of consortium. After three days of heated and conflicting testimony, the jury returned a verdict for Appellees.

On appeal from the order and judgment of the Trial Court, Appellants asserted in their Petition in Error twelve allegations of error in "shotgun" fashion. We note some of these allegations have been abandoned and we review only those issues briefed by the parties. *Sooner Drainboard v. Deaton*, 512 P.2d 1185 (Okl.1973). In their preserved issues, Appellants assert, *inter alia*, (1) error of the Trial Court in dismissing Alvin's claim for loss of consortium, and (2) error by the Trial Court in instructing the jury.

 As to Appellant Alvin's allegation, we find no error by the Trial Court in dismissing his claim for loss of consortium. In support of a claim of loss of consortium, there must be shown the relationship of husband and wife. 32 O.S.1981 § 15, now see, 43 O.S.Supp.1989 § 214; see also, e.g., *Ruland v. Zenith Const. Co.*, 283 P.2d 540

(1955). A claim of common-law marriage must be supported by clear and convincing proof of the elements thereof. See, e.g., *Stinchcomb v. Stinchcomb*, 674 P.2d 26 (Okl.1983). In that regard, we find no clear and convincing evidence of a valid common-law marriage of Alvin and Cora. Notwithstanding the affidavits of both Appellants to that effect, the testimony below indicates a valid and subsisting marriage of Cora to another during 1985, and the subsequent ceremonialization of Appellants' marriage to each other in February 1986, some two months after the accident. Further, Cora filed a separate tax return for 1985 and signed her name "Cora Mae Jackson." Appellants' failure of proof of the elements of a valid common law marriage is fatal to Alvin's claim for loss of consortium, and we therefore affirm the Trial Court's dismissal of Alvin's claim therefor.

 Appellants next assert that the Trial Court erred in instructing the jury (1) by refusing to give Appellants' requested jury instruction on negligence per se, and (2) by giving an instruction on unavoidable accident. In that regard, Oklahoma law imposes a duty on the Trial Court to instruct upon the decisive issues of the case as supported by the pleadings and evidence introduced. See, e.g., *Bradley Chevrolet, Inc. v. Goodson*, 450 P.2d 500 (Okl.1969); *Vogel v. Rushing*, 202 Okl. 277, 212 P.2d 665 (1949). The tests on review of instructions given or refused are whether there is a probability that the jurors were misled and thereby reached a different conclusion than they would have reached but for the questioned instruction, or there was excluded from consideration a proper issue of the case. *Ankney v. Hall*, 764 P.2d 153 (Okl. 1988); *Woodall v. Chandler Material Co.*, 716 P.2d 652, 654 (Okl.1986); *VanWart v. Cook*, 557 P.2d 1161 (Okl.App.1976).

 However, where a party has failed to interpose a contemporaneous objection to the giving of an instruction, the appellate courts will not reverse in the absence of fundamental error. *Del City v. Moore*, 483 P.2d 324 (Okl.1971). Stated another way, where a party alleges error in failing to instruct on a particular issue, but has failed to object at trial to the instructions given, the party is deemed to have waived any specific objections thereto, and the "review on appeal is limited to erroneous statements of fundamental law appearing on the face of the instructions actually given. *McCorkle v. Great Atlantic Ins. Co.*, 637 P.2d 583 (Okl.1981)." *Anderson v. O'Donoghue*, 677 P.2d 648, 652 (Okl. 1983); see also, *Croy v. Bacon Transport Co.*, 604 P.2d 136 (Okl.1979); *Taylor v. Scott*, 167 Okl. 588, 32 P.2d 48 (1934).

Under these standards, we have reviewed the record and the Trial Court's instructions to the jury. We initially note that Appellants did not object to the instructions as given, and effectively waived all objections thereto except as to fundamental error. *Anderson*, 677 P.2d at 652; *Croy*, 604 P.2d at 137. We therefore review the instructions only for fundamental error.

 As to the Trial Court's instruction on unavoidable accident, we find that such an instruction should be rarely given, and may, if given, upon timely and proper objection, constitute grounds for reversal. *Ankney*, 764 P.2d at 154–156 (reversible error to instruct on unavoidable accident where evidence does not support giving of such instruction). Under the facts and circumstances of the present case, we find no evidence supporting the giving of an unavoidable accident instruction; we therefore find the giving of such instruction constitutes fundamental error, and for this reason the judgment entered on jury verdict should be reversed. *Ankney*, 764 P.2d at 155.

 Further, under the facts and circumstances of this case, we find the Trial Court's refusal to instruct on negligence per se also constitutes fundamental error (1) for failure to instruct upon a decisive issue of the case as supported by the pleadings and the evidence, and (2) by excluding

from consideration by the jury a proper issue germane to the cause of action. *Vogel,* 212 P.2d at 667; *Ankney,* 764 P.2d at 155; *Woodall,* 716 P.2d at 654; *Bradley Chevrolet,* 450 P.2d at 501. For this additional reason, we therefore find the judgment on jury verdict should be reversed, and the cause remanded for new trial on Cora's claims. As we reverse the judgment entered on jury verdict against Appellants, we find it unnecessary to address Appellant's other propositions of error.

The order of the Trial Court dismissing Appellant Alvin W. Lee's claim for loss of consortium is AFFIRMED. The judgment entered on jury verdict for Appellees is REVERSED and the cause REMANDED for new trial.

ADAMS, J., concurs.

HANSEN, P.J., concurs in result.