968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 LINDEN ASSET MANAGEMENT COMPANY, Plaintiff-Appellee,
v.
SPRING CREEK INVESTORS, LTD., an Oklahoma Limited
Partnership; Can-Co Properties, Inc., an Oklahoma
corporation; Fenton R. Ramey, an individual; Linda S.
Ramey, an individual; Harold E. Dunham, an individual;
Harriet J. Dunham, an individual; First National Bank, of
Edmond; New-General Partner, Inc., Defendants,
and
Raymond E. Wright, an individual; Clarence R. Wright, III,
an individual, Defendants-Appellants.
 No. 91-6030.
 United States Court of Appeals, Tenth Circuit.
 July 1, 1992.
 
 Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Clarence R. Wright, III (Wright), appeals the district court's judgment against him following a jury trial on liability claims arising from his guaranty of a defaulted note.[1] At trial, Wright defended on two theories: oral modification of the guaranty agreement and estoppel. The district court, applying Oklahoma law, determined that the elements of the estoppel defense were subsumed in the elements of the oral modification defense. The court refused to instruct the jury on Wright's oral modification theory, reasoning that such an instruction would provide Wright no additional benefit over the instruction on estoppel. Transcript, Appellant's App. at 66-68. The jury returned a verdict for Appellee Linden Asset Management Company.[2]
 
 
 3
 On appeal, Wright asserts error in the court's refusal to instruct on oral modification and in the court's instruction on estoppel. "When examining a challenge to jury instructions, we review the record as a whole to determine whether the instructions state the law which governs and provided the jury with an ample understanding of the issues and the standards applicable." Heggy v. Heggy, 944 F.2d 1537, 1542 (10th Cir.1991) (citations omitted), cert. denied, 112 S.Ct. 1514 (1992); see Palmer v. Krueger, 897 F.2d 1529, 1532 (10th Cir.1990) (state law governs substance of jury instructions, federal law controls procedural determinations such as grant or denial of instructions). Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.
 
 
 4
 Wright first argues that the court's refusal to instruct on his defense of oral modification of the guaranty agreement was error because 1) he was entitled to an instruction on oral modification where the facts supported that theory, and 2) it was prejudicial in that it "left an inference in the jury's mind that the judge had eliminated [the oral modification defense]" after Wright had proceeded through trial on two defense theories. Appellant's Brief at 8.
 
 
 5
 Linden suggests that Wright's objection to the court's refusal to instruct on oral modification does not "affirmatively" appear in the record, therefore we should decline to reach this issue. Appellee's Brief at 9. We disagree. Although the word "object" does not appear in the record, the district court noted "some difference in opinion" about the proposed instructions. Transcript, Appellant's App. at 66. The court mentioned Wright's proposed instruction on oral modification and stated that such instruction might not be necessary. Wright then was allowed to argue 1) why an oral modification instruction was necessary and 2) why the failure to so instruct would be prejudicial. Finally, the court ruled that it would instruct only on estoppel. Id. at 66-68. Given this showing in the record, we cannot credit Linden's argument that Wright's objection does not "affirmatively" appear in the record. See 10th Cir.R. 28.2(e); Comcoa, Inc. v. NEC Tels., Inc., 931 F.2d 655, 660 (10th Cir.1991) (grounds for objection must be clear). We note also that Linden does not contend that Wright failed to object to the court's refusal to instruct on oral modification.
 
 
 6
 Case law suggests that Wright was entitled to jury instructions on all legal theories applicable to the facts of his defense. See Justice v. Harrison, 569 P.2d 439, 441 (Okla.1977). But see Lee v. Cotten, 793 P.2d 1369, 1371 (Okla.Ct.App.1990) (court has duty to instruct on decisive issues). Nonetheless, even were the judge's elimination of Wright's oral modification defense error, our review of the record convinces us that no prejudice arose from the judge's decision. "[A]n error in jury instructions will mandate reversal of a judgment only if the error is determined to have been prejudicial, based on a review of the record as a whole." Street v. Parham, 929 F.2d 537, 539-40 (10th Cir.1991) (citations omitted).
 
 
 7
 Wright does not dispute the district court's determination that, under Oklahoma law, the elements of estoppel are subsumed within the elements of oral modification of a contract. The judge specified that his elimination of the oral modification defense would "not be mentioned by either side" in closing. Transcript, Appellant's App. at 68. Wright points to no evidence of jury misunderstanding or prejudice outside of an inference that the jury would gain a negative perception from the judge's failure to instruct on one of two defense theories. See Luck v. Baltimore & Ohio R.R., 510 F.2d 663, 668 (D.C.Cir.1974) (mere speculation that jury reached verdict improperly not sufficient). Finally, the jury found against Wright on his estoppel defense. In light of these considerations, if the district court erred in refusing to instruct on Wright's oral modification defense, it was harmless.
 
 
 8
 Second, Wright argues that the court's estoppel instruction was insufficient in light of its refusal to instruct on oral modification. He points out that evidence was admitted regarding whether the bank received any benefit from the alleged modification because that evidence would have been relevant to an element of the oral modification defense. Appellant's Brief at 9-11. In absence of an instruction on that defense, therefore, Wright contends that the court's instruction on estoppel should have included a provision telling the jury that a benefit to the bank was not required.
 
 
 9
 Linden again asserts that, because Wright's objection to the court's proposed instruction on estoppel does not appear in the record, we should not review this contention of error. The record is void of any reference to an objection to this instruction. However, Wright states that he objected to the instruction in chambers, a portion of the proceeding not transcribed by the court reporter, as indicated in the transcript. Appellant's Brief at 12; Transcript, Appellant's App. at 149-50. Linden again does not assert that Wright did not object to the proposed estoppel instruction.
 
 
 10
 Tenth Circuit Rule 28.2(e) requires a party in Wright's position to "state where in the record a proper objection was made to the ruling and whether the objection is recorded and ruled upon." Despite his allegations, Wright's failure to make any record of his objection to the court's proposed estoppel instruction precludes our review of this issue on the merits, absent plain error, which is not alleged. See Fox v. Ford Motor Co., 575 F.2d 774, 786 (10th Cir.1978); Fed.R.Civ.P. 51; see also Dixon v. City of Lawton, Okla., 898 F.2d 1443, 1447 (10th Cir.1990) (better practice is to put instruction conferences on record where disagreement anticipated). Were we to reach the merits, however, we see no error in the court's instruction on estoppel.[3]
 
 
 11
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Raymond E. Wright joined Clarence R. Wright, III, in the notice of appeal but did not file a brief, apparently abandoning his appeal
 
 
 [2]
 The original suit on the note, security agreement, and guaranty was brought by the Federal Deposit Insurance Corporation following the insolvency of the First National Bank & Trust Company of Oklahoma City. Linden was substituted for the FDIC following its purchase of the note, mortgage, security agreement and guaranty agreement
 
 
 [3]
 As with his first assignment of error, Wright points to no evidence of prejudice outside of an inference that the jury might give weight to the evidence regarding benefit, see Luck, 510 F.2d at 668, nor has he contended that the estoppel instruction otherwise did not comport with the applicable law, see Brown v. Reames, 364 P.2d 906, 909 (Okla.1961) (not reversible error to refuse specific instruction when instruction given adequately and correctly stated applicable law). We presume that the jury followed the instructions given by the district court. United States v. Lane, 883 F.2d 1484, 1498 (10th Cir.1989) (citing Richardson v. Marsh, 481 U.S. 200, 211 (1987)), cert. denied, 493 U.S. 1059 (1990)