2010 OK CIV APP 7

**FFE TRANSPORTATION SERVICES, INC., and Karon K. Medlin, Plaintiffs/Appellees,**

v.

**PILOT TRAVEL CENTERS, L.L.C., Defendant/Appellant.**

No. 105604.

Court of Civil Appeals of Oklahoma, Division No. 2.

Sept. 18, 2009.

Certiorari Denied Jan. 19, 2010.

Richard E. Hornbeek, Matthew J.G. McDevitt, Thomas Ishmael, Hornbeek, Vitali, & Braun, P.L.L.C., Oklahoma City, OK, for Appellee, FFE Transportation Services, Inc.

Joe Carson, Buxton Carson, P.L.L.C., Oklahoma City, OK, for Appellee, Karon K. Medlin.

Brandon S. Nichols, Looney, Nichols & Johnson, P.L.L.C., Oklahoma City, OK, for Defendant/Appellant.

JERRY L. GOODMAN, Judge.

¶ 1 Appellant Pilot Travel Centers, L.L.C. (Pilot) appeals the trial court's orders granting judgment and costs to Appellees FFE Transportation Services, Inc. (FFE) and Karon K. Medlin (Medlin). A jury rendered a verdict in favor of FFE and Medlin on Medlin's action for damages arising from a slip and fall accident on Pilot's premises. Pilot raises various trial court errors. Based on our review of this record, we reverse and remand for further proceedings.[1]

## FACTS

¶ 2 Medlin was a truck driver employed by FFE. On May 16, 2003, she stopped to refuel her tractor-trailer at Pilot's truck stop. She descended from her tractor, noticed the concrete was wet, began refueling, then slipped and fell on the concrete driveway. Getting up, she noticed her clothes smelled of diesel fuel. She filed an incident report with Pilot, but declined any immediate medical treatment.

¶ 3 As the day continued, Medlin's pain increased. She sought medical treatment and was unable to return to work until May 10, 2005. She sustained injuries to her elbow, ankle, hip, neck, and head, resulting in several surgeries.

¶ 4 FFE was subject to Texas law, which permits an employer to opt out of the workers' compensation system as long as an alternative compensation plan is offered to its employees. FFE had declined to participate in the workers' compensation plan, and paid Medlin's medical expenses and lost wages totaling $80,088.85. FFE claimed it was entitled to recover that amount from Pilot in the event Pilot was found liable for Medlin's injuries.

¶ 5 Medlin and FFE contend Pilot's employees failed to inspect the driveway around the diesel pumps for a hidden danger which led to Medlin's injuries. More specifically, they contend Pilot knew that water pumps, placed next to diesel pumps, would spill water which, when combined with diesel fuel, would create a slick surface, thus presenting a hidden danger that might not be recognized by Pilot's invitee.

¶ 6 The matter was tried to a jury. At the conclusion of the case, the jury returned a verdict in favor of Medlin and FFE. The trial court's journal entry of judgment, filed February 7, 2008, memorialized the jury's verdict. The order entered judgment against

---

1. The record alternately spells FFE's name as "FEE" and Medlin's first name as "Karen." We use the spelling provided by the parties in their petition.

Pilot in favor of Medlin for $200,000.00 and against Pilot in favor of FFE for $80,088.85, to which was added pre- and post-judgment interest. The issue of costs was reserved for a future hearing. Pilot appeals.

## ISSUE

¶ 7 Pilot's brief-in-chief states a number of propositions of error, one of which is correct, requiring reversal, thus leaving no need to resolve the others.

### Improper Verdict Form

¶ 8 The trial court gave the jury three verdict forms: a pink form, to be used if the jury found in favor of Pilot; a white form, to be used if Medlin was found contributorily negligent; and a blue form, in the event the jury found in favor of FFE and Medlin. The blue form is set out below:

> We, the jury, [ ] find the issues in favor of the Plaintiffs, FFE Transportation Service, Inc. and Karon K. Medlin, and fix the dollar amount of their damages in the following sums:
>
> Karon K. Medlin $_____
>
> FFE Transportation Services, Inc. $80,088.85
>
> (a stipulated amount)

This form was used by the jury, signed by the foreman, and returned with its handwritten verdict of $200,000.00 in favor of Medlin and its verdict in the stipulated amount of $80,088.85 in favor of FFE.

¶ 9 Pilot objected to this form:

> [T]he blue and white verdict form with regard to the damages by FFE may result in what is a directed verdict for FFE.[2]

Pilot's objection was that a jury might find in favor of Medlin, award damages to her on her negligence claim, but not award damages to FFE on its equitable subrogation claim.[3] Conversely, if the jury decided to award an amount to Medlin (and to FFE) less than $80,088.85, under the form in question it could not do so.[4] The Blue verdict form does not permit damages to be awarded to Medlin without awarding damages to FFE, nor does it permit a jury to award damages of less than $80,088.85 to FFE. The jury's decisions were thus erroneously limited.

¶ 10 Moreover, it is not clear from this form whether FFE's stipulated damages are to be deducted from Medlin's award, or whether Medlin's award was over and above that given to FFE. FFE's derivative subrogation claim would normally be deducted from any damages awarded to Medlin; however, the verdict is not clear whether this was the intent of the jury.[5]

¶ 11 FFE concedes in its brief that "the jury could have theoretically entered a verdict for FFE and against Medlin if the jury found Pilot responsible for Medlin's injury but also finding that Medlin had not proven damages above what had already been paid by FFE." FFE contends this is not error, however, because "If anyone was prejudiced by the inclusion of both Plaintiffs on a single Blue Verdict Form it was FFE, not Pilot." Medlin argues that because Pilot did not provide alternative forms to use, it waived this error.

¶ 12 We disagree. We hold the trial court erred in its verdict forms and that the jury's verdict was unquestionably affected by the erroneous verdict forms.

¶ 13 We review given or refused jury instructions and verdict forms to determine whether there is a probability the jurors were misled and thereby reached a different conclusion than they would have reached but for the questioned instruction or verdict

---

2. The White verdict form also contained a reference to FFE's stipulated damages.

3. FFE's position is that it, or Medlin, were most likely prejudiced, not Pilot, in that the jury could have found in favor of FFE but not Medlin.

4. For example, the jury could have elected to award Medlin only her lost wages, or only her medical bills, either of which would be less than the $80,088.85 of FFE's subrogation claim.

5. On remand, any jury instruction should be crafted in light of the trial court's decision to permit FFE's active participation at trial or allow its subrogation interest be known. If the jury has knowledge of the subrogated interest, it should be instructed that the interest will be satisfied from the damages awarded to Medlin. On the other hand, should the jury choose to award FFE an amount to compensate for its subrogated interest, the jury should not be permitted to award those same damages to Medlin.

form, or whether there was excluded from consideration a proper issue of the case. *Ankney v. Hall*, 1988 OK 101, ¶ 9, 764 P.2d 153, 155; *Woodall v. Chandler Material Co.*, 1986 OK 4, ¶ 13, 716 P.2d 652, 654.

¶ 14 Finally, it is likewise important that the trial court should not have given Jury Instruction No. 2, which states "the medical expenses incurred by Plaintiff, incurred by FFE Transportation Services, Inc., were reasonable and necessary ...," together with Jury Instruction No. 19, Element J, which permits the jury to award Medlin the "reasonable expenses of the necessary medical care, treatment, and services, until 5–10–2005." Both instructions refer to the same expenses. Medlin is entitled to recover those expenses only once. However, Medlin cannot recover those damages if they are awarded to FFE, nor can FFE be awarded those damages if Medlin receives them. The trial court's future instructions should be drafted to prevent a double recovery of those expenses.

¶ 15 Because FFE has paid Medlin's medical expenses and lost wages (which are the subject of FFE's subrogation claim), if FFE is an active, named party participating at trial, Medlin cannot request and seek to recover damages for those medical expenses and lost wages; only FFE can do so. However, if FFE is not an active, named party participating at trial, the trial court must ask the jury, if it finds in Medlin's favor, to set out the amounts, if any, attributable to medical expenses and lost wages so that the court and the parties can ascertain what compensation FFE is entitled to for its subrogated interest.

### CONCLUSION

¶ 16 The trial court's February 7, 2008, order is reversed and the matter remanded to the trial court for further proceedings.

¶ 17 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

WISEMAN, V.C.J., and BARNES, P.J., concur.