### DUNCAN v. UNITED STATES.

#### Civ. No. 2833.

United States District Court,
E. D. Oklahoma.

May 18, 1951.

Ben F. Saye, Duncan, Okl. for plaintiff.
Cleon A. Summers, U. S. Atty., and Francis Steward, Asst. U. S. Atty., Muskogee, Okl., for defendant.

WALLACE, District Judge.

I.

This action is brought by plaintiff, Harry D. Duncan, to recover for damages which resulted from an automobile accident involving the plaintiff's car and a government vehicle.

## II.

Plaintiff is a resident of Oklahoma. The amount in controversy is in excess of $1,000 and no claim has been filed before any government agency.

## III.

On January 11, 1950, plaintiff was driving south on U. S. Highway 81 about four miles north of Marlow, Oklahoma, when the second vehicle in a convoy of government vehicles traveling north, swerved or skidded across the highway in front of plaintiff's car and a collision resulted.

## IV.

The government vehicle involved in the accident was driven by Sergeant George O. Mintz and the Government admits he was in line of duty at the time of the accident.

## V.

The court finds the evidence discloses the following material facts incident to the accident:

(a) It occurred about 4:30 in the afternoon.

(b) For some time prior and at the time of the accident, it was raining or misting.

(c) The roadbed of the highway was of an armour coat of asphaltic mixture into which rock chips were rolled. This asphaltic mixture had bled through to the top of the roadbed creating a slippery surface, particularly during wet weather.

Testimony of a highway patrolman, stationed in that area, was introduced at the trial and not objected to by defendant's counsel. This testimony disclosed that in the three months prior to January, 1950, a number of accidents had occurred on the highway in the proximity of the place where the accident occurred and a considerable portion of these accidents was attributable to the slick surface condition of the highway.

(d) Both vehicles were traveling at a reasonable rate of speed.

(e) At the time the government vehicle skidded or swerved in front of plaintiff's car, the driver was applying his brakes for the purpose of slowing down the vehicle.

(f) Sergeant Mintz had not traveled on this particular stretch of the highway before the day of the accident.

## VI.

The evidence does not warrant a finding that Sergeant Mintz was negligent in applying his brakes immediately prior to the accident or that the brakes were not in good working order.

## VII.

The evidence does not disclose that Sergeant Mintz or the plaintiff was driving in other than a reasonable prudent manner at the time of the accident.

## VIII.

From a preponderance of the evidence the court concludes that the cause of the accident was the slippery condition of the highway and insofar as the parties to this action are concerned, the accident was unavoidable.

## Conclusions of Law.

### I.

By authority of the Federal Tort Claims Act, the court has jurisdiction over the parties and subject matter of this action. 28 U.S.C.A. § 1346(b).

### II.

Plaintiff had the burden of proving by a preponderance of the evidence, the defendant's negligence.

### III.

The fact that an accident happened and an injury resulted therefrom, does not raise a presumption or is evidence of negligence, except under the doctrine of *res ipsa loquitur* which is not applicable under the circumstances in the instant case.

### IV.

The doctrine of res ipsa loquitur is a rule of evidence and if applicable, creates a rebuttable presumption of negligence. In order for the doctrine to operate, the thing causing the injury must have

been under the exclusive control and management of the defendant and the occurrence which caused the injury must be of a character that it is without probable explanation, except on a theory of negligence.

To invoke the doctrine in this action, the skidding or swerving of the government vehicle must be considered as negligence in and of itself. The court is of the opinion that such a conclusion is not well founded.

█ Skidding or swerving may occur without fault. It is a matter of common knowledge that drivers can lose control of their cars on slippery roads without being negligent in the handling of the vehicle.

### V.

The use of the highway under the circumstances in the instant case is not negligence as a matter of law; but if it would be so held, each of the parties to this action stand in the same shoes and contributory negligence would preclude either from recovery against the other.

### VI.

█ The plaintiff contends that Sergeant Mintz was negligent as a matter of law because his vehicle was traveling on the wrong side of the highway at the time of the accident. It is true that Mintz' jeep was to the left of the center line of the highway at the time of the collision which is a violation of the Oklahoma Statutes governing the rules of the road. Title 47 O.S.A. § 121.4. However, to be at fault by virtue of the statutory prohibition the conduct of the defendant must be either intentional or negligent; therefore, since the government vehicle was on the wrong side of the highway as a direct and proximate result of a non-human agency, i. e., the slippery condition of the highway, no liability attaches.

### VII.

Counsel are directed to prepare a judgment in conformity with the above findings of fact and conclusions of law, and to present it to the court for signature within ten days from this date.