Leila KEIFFER, Plaintiff in Error,

v.

Vladimir STRBAC, Defendant in Error.

No. 38322.

Supreme Court of Oklahoma.

Jan. 26, 1960.

Carl Bagwell and Pierce, Mock & Duncan, Oklahoma City, for plaintiff in error.

Cheek, Cheek & Cheek, Oklahoma City, for defendant in error.

WELCH, Justice.

Plaintiff's action stems from an automobile accident occurring on the Turner Turnpike at an overpass, while she was riding as a guest passenger with the defendant.

The plaintiff contends that the evidence did not raise the issues of unavoidable casualty or sudden emergency which were pleaded as defenses, and that it was reversible error for trial court to instruct the jury on these issues.

The record reveals that defendant had been driving from California, having left there on the afternoon of December 25, 1954, prior to the accident which occurred on December 29th; that prior to entering upon the Turner Turnpike east of Oklahoma City there had been a snow and freezing weather; that it had been very difficult in traveling over some of the highways prior to reaching the turnpike; that the snow and ice had been removed from the turnpike and the roadway was apparently clear of snow and ice, with the possible exception of a few icy spots along the edges; that the plaintiff had been riding with him as a guest passenger all the way from California, and at no time had she had occasion to become alarmed at the manner in which he operated the automobile; that immediately prior to the accident he had passed another vehicle and he was traveling approximately fifty (50) miles per hour; that he had traveled approximately ten or twelve miles on the Turnpike when the accident occurred, and had crossed several overpasses prior to coming upon the one where the accident occurred; that when he came upon this overpass it apparently was slick and icy and his car began to skid, and he lost control and his car overturned causing injuries to plaintiff and defendant.

The testimony is conflicting as to issuing of warning slips. Mrs. King, who was in the vehicle which defendant passed prior to the accident, testified that she received a slip of paper from the authorities at the gate upon entering the turnpike, warning her of the icy condition of the turnpike. The defendant testified that he did not receive any such warning. The plaintiff's testimony does not reveal that she was questioned as to this fact. Mrs. King testified that the overpasses crossed prior to the one where the accident occurred were icy and slick. The defendant testified they were not, and that his traction had been good after entering the turnpike up to the time of the accident. Mrs. King testified she saw the brake lights on the defendant's car come on as he drove onto the overpass just immediately prior to the accident. Defendant testified he did not remember what happened and did not now remember when he started skidding. Defendant also testified that due to the injury received in the accident his memory was not clear as to what happened with reference to skidding and applying the brakes at the time of the accident and immediately prior thereto. The record does not reveal that the testimony of the plaintiff conflicts in any instance with that of the defendant.

The cases cited and relied upon by the plaintiff to support her argument hold that it is prejudicial error for the trial court to instruct the jury on the issue of unavoidable accident where there is no evidence establishing the accident as unavoidable. We do not find fault with this rule of law, however, these cases do not apply to the case at bar, because on the basis of undisputed testimony in each of the cases cited, the accident involved in each of them could not have come within the correct definition of an unavoidable accident.

We are of the view that in order to determine that there was no evidence of unavoidable accident, it would be necessary to wholly exclude the testimony of the defendant, and to give full faith and credit to all of the testimony of Mrs. King, and this would only establish by inference that de-

fendant was warned as he entered the turnpike, since Mrs. King received a warning. The evidence reveals that defendant was driving at a rate of speed not in excess of fifty (50) miles per hour, and had been driving at that rate of speed since entering the turnpike for approximately twelve (12) miles, and the traction had been good up to the time of the accident. Under these circumstances we cannot say that this is not the manner in which an ordinary prudent person would have operated his vehicle.

The prevailing view taken by the courts is that skidding in itself is no such evidence of negligence that the driver of the car that skidded should be required to rebut the inference of negligence. Woodworth v. Johnston, 131 Neb. 113, 267 N.W. 243; Foster v. Gamble-Robinson Co., 188 Minn. 552, 247 N.W. 801; 113 A.L.R. 1006.

The sudden and unexpected skidding of an automobile is one of the natural hazards of driving cars on icy roads, and it may happen to the best of operators. It has also been said to be universally recognized that a motor vehicle may begin to skid and get beyond the control of the driver, although prior to the skidding the vehicle may have been operated with due and proper care. Peters v. United Electric R. Co., 53 R.I. 251, 165 A. 773; 113 A.L.R. 1007.

The law as to drivers of motor vehicles is not different from that which governs other persons. The standard required is that of a reasonably prudent person under all the circumstances. If some unforeseen emergency occurs which naturally would overpower the judgment of the ordinary careful driver of a motor vehicle, so that momentarily or for a time he is not capable of intelligent action, and as a result injury is inflicted upon a third person, the driver is not negligent. Wilson v. Roach, 101 Okl. 30, 222 P. 1000; Massie v. Barker, 224 Mass. 420, 130 N.E. 199.

It is clear here that in the event the jury chose to believe the testimony of the de-

fendant it would be justified in finding the accident was unavoidable, and under such circumstances the trial court is justified in giving instruction as to unavoidable accident.

In Pankey v. Public Service Co. of Oklahoma, Okl., 288 P.2d 373, 374, we held:

"Where, from portions of the evidence of both plaintiff and defendant when considered together, and if found by it to be the facts, the jury might reasonably have concluded that neither of the drivers of two motor vehicles colliding at a street intersection was guilty of culpable negligence, and that the collision could not have been prevented by either using means suggested by common prudence, the issue of 'unavoidable accident' is sufficiently joined that the trial court may properly instruct the jury thereon."

Therefore the instruction on unavoidable accident by the trial court in the case at bar was proper and did not constitute reversible error. See Rowton v. Kemp, 190 Okl. 558, 125 P.2d 1003, and Hartman v. Dunn, 186 Okl. 9, 95 P.2d 897, and Wilson v. Roach, supra.

As to the instruction concerning sudden emergency the plaintiff relies upon Bocock v. Tulsa Stockyards Company, Okl., 309 P.2d 279. This case is not applicable to the facts in the case here. We are of the opinion that the rule followed in the case of Rosamond v. Reed Roller Bit Co., Okl. 292 P.2d 373, wherein we affirmed the lower court in giving instructions on the sudden emergency rule, where the evidence was in direct conflict as to party causing emergency is applicable to the situation here presented.

We are of the opinion that the testimony of the defendant, together with the pleadings, was sufficient to raise the issue of sudden emergency, and that the trial court was not in error when it instructed the jury on this issue.

Therefore, for the reasons hereinabove stated, the judgment of the trial court is affirmed.