Sharon Gayle ATHEY, Appellant,

v.

Charles BINGHAM, Appellee.

No. 69722.

Supreme Court of Oklahoma.

July 30, 1991.

Rehearing Denied Jan. 15, 1992.

Jack Marwood Short, Tulsa, for appellant.

Brian M. Dell Speck & Dell, Oklahoma City, for appellee.

SUMMERS, Justice.

This case affords an opportunity to examine the propriety of a jury instruction on "unavoidable accident." Under the factual circumstances we find no error in the giving of the instruction.

The plaintiff, Sharon Athey, was driving her vehicle at a rate of speed similar to the surrounding traffic on Interstate–40 in the left-hand lane with her lights on. Snow and sleet were falling on the ice-covered road. Her car began sliding to the right into the adjoining traffic lane and as it returned back into the left-hand lane her car was struck from the rear by the defendant, Charles Bingham. The parties went to the right-hand shoulder of the road, exchanged information, and then went their separate ways. The collision occurred in heavy Oklahoma City traffic, at approximately 5:00 P.M. on a Friday near the I–35 and I–40 interchange, with the defendant traveling approximately twenty-five miles per hour and at the same rate as surrounding traffic.

Athey sued in district court for her damages resulting from the collision. A jury returned a verdict for the defendant. She appealed and was granted a new trial. The second trial produced a second verdict in favor of the defendant. Athey appealed again. The Court of Appeals reversed and ordered a new trial. Bingham petitioned this court for a writ of certiorari, arguing the only issue settled by the Court of Appeals in reversing: that the unavoidable accident instruction was properly given by the trial court under the facts.[1] Having granted certiorari, we agree. We vacate the opinion of the Court of Appeals and remand the cause to that Court for further appellate review.

In *Hartman v. Dunn*, 186 Okl. 9, 95 P.2d 897 (1939), we said that "An 'unavoidable accident' is a casualty which occurs without negligence of either party, and when all means which common prudence suggests have been used to prevent it." *Id.* 95 P.2d at 901. In *Huey v. Stephens*, 275 P.2d 254 (1954), (overruled in part on other grounds, *Hayward v. Ginn*, 306 P.2d 320, 324 [Okla.1957]), we said that an unavoidable accident "is brought about by some 'agency' over which the motorist has no control and is rendered 'inevitable' thereby, while using the customary modes of controlling his car." *Id.* 275 P.2d at 256. The question before us is whether the facts here would permit a finding of some agency causing the collision in the presence of both motorists driving prudently. In *Huey* we found that an unavoidable accident instruction was improperly given, and our discussion of such included the observation that "... and there was no evidence that the road was wet, slick or slippery." *Id.* 275 P.2d at 256.

In *Keiffer v. Strbac*, 349 P.2d 6 (Okla. 1960), we allowed the use of an unavoidable accident instruction when an icy road was the agency over which the motorist had no control and the motorist was operating his vehicle in the manner of an ordinary prudent person. Although the defendant/driver in *Keiffer* testified that the road condition of an icy spot on the overpass was unexpected we noted the following:

"The sudden and unexpected skidding is one of the natural hazards of driving cars on icy roads, and it may happen to the best of operators. It has also been said to be universally recognized that a motor vehicle may begin to skid and get beyond the control of the driver, although prior to the skidding the vehicle may have been operated with due and proper care." *Id.* 349 P.2d at 8.

Similar reasoning is found in federal jurisprudence associated with this State. *Duncan v. United States*, 98 F.Supp. 483 (E.D.Okla.1951) and *Long v. Hank*, 457

---

**1.** We do not address the other issue raised on appeal by Athey, but only the issue tendered for our adjudication on certiorari. *See, Ford v. Ford*, 766 P.2d 950, 952 (Okla.1988).

F.2d 40 (10th Cir.1972). In *Duncan v. United States, supra,* the court explained that it is a matter of common knowledge that skidding or swerving of a vehicle on a slippery road may occur without any fault of the driver. *Id.* 98 F.Supp. at 485. In *Long v. Hank, supra,* the trial court's use of an unavoidable accident instruction was proper because of the circumstances and driving conditions, i.e., rain. *Id.* 457 F.2d at 43. Thus, a sudden and unexpected skidding may occur on an icy road even in the presence of prudent driving.

The plaintiff argues that the fact that the plaintiff was rear-ended by the defendant raises a presumption that the defendant violated several rule-of-the-road type statutes: 47 O.S.1981 § 11–310(a), 47 O.S. 1981 § 11–801(a) and (d).[2] The cases, however, do not support her argument.

■ The fact that a motor vehicle collision occurred does not necessarily raise the presumption that the defendant was following too closely, driving too fast to bring the car to a stop, or driving too fast for highway conditions. *See Green v. Thompson,* 344 P.2d 272, 274 (Okla.1959), wherein the plaintiff made the argument that the defendant should have been able to stop his car prior to running over plaintiff's horse, and the court said that whether the car was operated at an excessive rate of speed as to constitute negligence was for the jury to determine. *See also, Wade v. Reimer,* 359 P.2d 1071, 1072–1073 (Okla.1961), wherein we affirmed the trial court's action in refusing to use the "reckless driving" statute as a basis to instruct on negligence per se.

■ In *Wade* the driver lost control of the vehicle in a rainstorm while traveling 50 to 60 miles per hour and the vehicle slid off of the road. *Id.* 359 P.2d at 1072. Therein we explained that the terms of the statute requiring a driver to drive so as to be able to stop within a clear distance ahead "do not impose any positive objective standards nor do they proscribe any greater or lesser degree of care than that required of a driver under the prevailing rules at common law." *Id.* 359 P.2d at 1073. In order to find a violation of the statute the trier of fact must first determine if the actions amounted to common law negligence. *Id.* Whether the defendant was driving too fast to bring the car to a clear stop is a determination for the jury to make in this case and not the subject of a legal presumption.

■ In *Agee v. Grant,* 412 P.2d 155 (Okla.1966), we explained that a violation of § 11–801(a) was dependent upon the physical conditions at the time and place of the collision. We said:

"Whether the conduct of the operator of a car measures up to the standard of conduct enjoined by the above statute depends in each case upon the factors specified and contemplated therein and the physical conditions at the time and place of the accident." *Id.* 412 P.2d at 155.

Thus, the mere fact of a collision does not show a violation of the above cited statutes, nor such a showing of negligence that an unavoidable accident instruction would be improper.

In *Gwinn v. Payne,* 477 P.2d 680 (Okla. 1970), we affirmed a judgment on a jury

**2.** 47 O.S.1981 § 11–310(a):
"(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and condition of the highway."
47 O.S.1981 § 11–801(a)
"(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit

him to bring it to a stop within the assured clear distance ahead."
47 O.S.1981 § 11–801(d)
"(d) The driver of every vehicle shall, consistent with the requirements of paragraph (a), drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hillcrest, when driving upon any narrow or winding roadway, and when special hazard exists with respects to pedestrians or other traffic, or by reason of weather or highway conditions."

verdict for the defendant and stated that the use of an unavoidable accident instruction there was proper. The circumstances included a clay-surfaced road made slick by rain. We said: "we have consistently held that in a proper case an instruction on unavoidable accident is not error." *Id.* 477 P.2d at 684.

In the Oklahoma Uniform Jury Instructions, Civil, an unavoidable accident instruction is provided at 10.9. However, the Recommendation to the Supreme Court on this instruction states: "That no 'unavoidable accident' instruction be given. The general instructions on negligence should adequately cover this area." The instruction given was taken from the text of OUJI, Civil, number 10.9, as follows:

"An unavoidable accident is one which occurs without negligence on the part of either party. If you find from the evidence in this case that the accident was unavoidable, then your verdict must be for the defendant, Charles Bingham."

The "proper case" as required by *Gwinn, supra,* arises infrequently. In most negligence cases the instruction clearly should not be given. In recent decisions we have allowed it in *Studebaker v. Cohen,* 747 P.2d 274 (Okla.1987) (medical malpractice case where child suffered oxygen deprivation in birth canal—case reversed for inclusion of Act of God instruction), and disallowed it in *Ankney v. Hall,* 764 P.2d 153 (Okla.1988), (vehicle crossed center median in rain for no reason established at trial.) In *Ankney* we said:

Such an instruction is appropriate only when evidence has been introduced "showing some factor over which the parties had no control, or could not, except by the exercise of exceptional foresight, have predicted." *Id.* at 154.

.    .    .    .    .

Great caution should be exercised in submitting a case to a jury on an unavoidable accident instruction. Its use should be restricted to those instances where the evidence indicates the occurrence was caused by unforeseen circumstances or conditions and not by the negligence of either party. In the absence of a showing of some factor over which the parties had no control or could not have predicted, a requested instruction on unavoidable accident should be firmly rejected. *Id.* at 156.

By 20 Okla.Stat.1981 § 3001.1 our legislature has provided that

No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or for error in any matter of pleading or procedure, unless it is the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

Here because of the icy road conditions, the speed of both drivers, and the speed of other drivers in the stream of traffic, the evidence was sufficient to present as questions of fact the propositions that both parties were driving prudently for the conditions, and that the collision was unavoidable in spite of such prudent driving. The road conditions were comparable to those in *Keiffer, Duncan,* and *Gwinn,* all *supra,* where sudden skidding was acknowledged to occur absent fault on the part of either driver. The evidence would support a finding that the parties had no control over, nor could they have predicted (See *Ankney, supra*) that plaintiff's car at that moment would skid out of control to the right and then return to its former lane in juxtaposition with the front of the following vehicle. We find that using the instruction in this case did not result in a miscarriage of justice nor constitute a substantial violation of a constitutional or statutory right.

The opinion of the Court of Appeals is vacated. We do not affirm the trial court judgment, but rather remand the cause to the Court of Appeals for the following reason. The plaintiff briefed two issues on appeal, the one disposed of here plus the trial court's refusal to take judicial notice of certain proferred material. The Court of Appeals addressed only the first, and in determining that the unavoidable accident instruction should not have been given re-

manded the cause for a new trial. Our opinion herein resolves that issue in favor of the defendant. No adjudication of the second issue occurred in the Court of Appeals, nor in this court on certiorari.[3] We have not reviewed the other issue briefed by the plaintiff on appeal and we remand to the Court of Appeals without any suggestion as to its merit. The Court of Appeals shall review and decide the remaining briefed but unadjudicated issue.

HODGES, V.C.J., and LAVENDER, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

OPALA, C.J., and ALMA WILSON and KAUGER, JJ., concur in result.

OPALA, Chief Justice, with whom KAUGER, Justice, joins, concurring in result.

The court concludes that the trial judge committed no error by instructing the jury on unavoidable accident. Unlike the court's opinion, I would not answer today the appellant's (plaintiff at nisi prius) argument that an unavoidable accident charge is improper under *all* circumstances. *The settled-law-of-the-case doctrine clearly bars her from pressing this contention in the instant appeal.*

In her earlier quest for corrective relief in this very case appellant had urged that an unavoidable accident instruction is improper under *any* proof. The Court of Appeals firmly rejected this notion as an incorrect exposition of our law.[1] Its ruling conclusively adopts the norm to be followed in *all stages of this litigation.* Under the settled-law-of-the-case doctrine the appellant is clearly barred from relitigating *any*

issue decided in the previous appeal of this case.[2]

I would hence hold today that the appellant may not in this appeal press her argument for this court's condemnation of an unavoidable accident instruction *as improper in all cases.* I would confine our corrective process to a review of the evidence elicited at the most recent trial, and I would conclude that the record proof adduced at nisi prius is sufficient to support the questioned jury charge on unavoidable accident.

---

3. See footnote one.

1. In the earlier appellate disposition reversing judgment on defendant's verdict (No. 65,183, January 30, 1987), the Court of Appeals concluded in an unpublished opinion that "[a]n instruction on unavoidable accident should not be given *unless there is evidence from which a jury could reasonably find that the accident occurred without the negligence of either party.*" (Emphasis added.) *The case was remanded for a new trial.*

2. Reconsideration of questions resolved in a previous appeal is forbidden by the settled-law-of-the-case doctrine. *Mobbs v. City of Lehigh,* Okl., 655 P.2d 547, 549 (1982); *Reeves v. Agee,* Okl., 769 P.2d 745, 756 n. 46 (1989); *Smith v. Owens,* Okl., 397 P.2d 673, 675 (1965) (the court's syllabus ¶ 1); *Board of Education v. Philadelphia Fire & Mar. Ins. Co.,* 156 Okl. 7, 9 P.2d 737 (1932) (the court's syllabus ¶ 2). See also *Veiser v. Armstrong,* Okl., 688 P.2d 796, 799 (1984).