2005 OK CIV APP 30

**Sonja Dee ROSE, Plaintiff/Appellee,**

v.

**CITY OF TULSA, a municipal corporation, Defendant/Appellant.**

**No. 99,501.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 18, 2005.

Rehearing Denied March 17, 2005.

Certiorari Denied May 5, 2005.

---

Frank W. Frasier, John Bogatko, Frasier, Frasier, & Hickman, L.L.P., Tulsa, OK, for Plaintiff/Appellee.

Martha Rupp Carter, Valerie J. Evans, Office of the City Attorney, Tulsa, OK, for Defendant/Appellant.

Opinion by LARRY JOPLIN, Presiding Judge:

¶ 1 Defendant City of Tulsa, a municipal corporation ("City") seeks review of the trial court's order granting a directed verdict for Plaintiff/Appellee Sonja Dee Rose ("Rose") on the issue of liability regarding Rose's action to recover damages sustained in a rear-end car wreck. City complains that the trial court (1) improperly withheld the issue of negligence from the jury; (2) erred in refusing to instruct the jury on "unavoidable accident" and (3) erred in not instructing the

jury on sovereign immunity under the Governmental Tort Claims Act. Finding no error, however, we affirm.

¶ 2 On June 10, 1999, City's employee, while driving a pickup truck in the course of his duties, struck from behind the car occupied by Rose, causing property damage and personal injury to Rose. She filed suit and the matter was tried to a jury on May 7, 2003. At the close of evidence, the trial court granted Rose's Motion for Directed Verdict on the issue of City's liability and submitted the issue of damages to the jury. The jury returned a verdict for Plaintiff and awarded her actual damages.

¶ 3 We review *de novo* a trial court's ruling on a motion for directed verdict. *Computer Publications, Inc. v. Welton,* 2002 OK 50, ¶ 6, 49 P.3d 732, 735. Although the general rule is that the "determination of the question of negligence, that is, what is or what is not negligence, in nearly every case is a question for the jury ... [it is] ... a question of law for the court ... in cases where the admitted facts are so conclusive" that reasonable men would not disagree thereon. *Gwinn v. Payne,* 1970 OK 145, ¶ 20, 477 P.2d 680, 683, 684. Where the "evidence supports the trial court's rendering a directed verdict," the granting of a directed verdict will be affirmed. *Smith v. Marshall Oil Corporation,* 2004 OK 10, ¶ 23, 85 P.3d 830, 838.

¶ 4 The evidence reveals that just before leaving from the City's park office, the City's driver visited with people who were gathered underneath a porch while it rained. He then drove on a route with which he was very familiar. The route included an intersection with a stop sign at the bottom of a steep hill. Despite the rain and the nature of the route, City's driver traveled at no less than the posted speed limit. City's driver braked while coming down the hill but felt as if he gained speed to the extent that he felt he was traveling 100 m.p.h. prior to hitting Rose's car from behind while it was stopped at the stop sign. After the collision, other vehicles crested the hill, slid, but were able to safely stop.

¶ 5 City argues that the trial court erred in granting a directed verdict of liability as it should have submitted the case to the jury with an unavoidable accident instruction as City's driver was driving prudently since it was not foreseeable that the roads were slick. Rose contends the doctrine of unavoidable accident does not apply.

¶ 6 Oklahoma motorists are legally bound to have sufficient power to avoid a collision by driving at "an appropriate reduced speed when approaching . . . an intersection . . . when approaching a hillcrest . . . and when special hazard exists . . . by reason of weather or highway conditions,"[1] by driving at a speed less than the posted speed limit "when a special hazard exists that requires lower speed" in order to be able to stop as required by law;[2] and to "avoid collision with other persons properly operating vehicles on the same highway, and this includes being able to slow the car to meet the requirements of varying road conditions or to stop it, if necessary, to avoid collision." *Huey v. Stephens,* 1954 OK 222, ¶ 7, 275 P.2d at 256. Generally:

> Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing. No person shall drive any vehicle upon a highway at a speed greater than will permit the driver to bring it to a stop within the assured clear distance ahead.

47 O.S. § 11–401, § 11–801(A).

¶ 7 An unavoidable accident "occurs without negligence of either party, and when all means which common prudence suggests have been used to prevent it." *Athey v. Bingham,* 1991 OK 82, ¶ 4, 823 P.2d 347, 348. There must be "the introduction of some evidence tending to show that the injury complained of resulted *solely* from some condition or act for which the defendant is not chargeable... [and only] if the person by whom it occurs neither has, nor is legally bound to have, sufficient power to avoid, or

prevent" the collision. *Huey v. Stephens,* 1954 OK 222, ¶ 7, ¶ 8, 275 P.2d 254, 256, 257 (emphasis added).

¶ 8 The giving of an unavoidable accident instruction has been upheld when a driver exercising reasonable prudence encounters (1) an unexpected obstruction, such as a car illegally parked on the roadway with no lights *(Kraft Foods Co., v. Chadwell,* 1952 OK 382, 249 P.2d 1002, 1004); (2) latent mechanic problems that result in loss of control *(Shoopman v. Travelers Ins. Co.,* 1974 OK 6, ¶ 15, 518 P.2d 1108, 1111); or (3) unforeseen road conditions such as a "deep rut along the edge of the pavement . . . [an] unanticipated presence of grease or other material on a road . . . [such as] loose gravel . . ." *(Huey v. Stephens,* 1954 OK 222, ¶ 5, ¶ 7, 275 P.2d at 255, 256). Unforeseen road conditions may include slick roads, but will support the giving of an unavoidable accident instruction only when the driver, prior to losing control, was driving prudently. *Athey v. Bingham,* 1991 OK 82, ¶ 5, 823 P.2d at 348; *Ankney v. Hall,* 1988 OK 101, ¶ 2, 764 P.2d at 154.

¶ 9 The giving of an unavoidable accident instruction without an evidentiary basis is "incorrect and misleading." *Huey v. Stephens,* 1954 OK 222, ¶ 9, 275 P.2d at 257. The Supreme Court has held that such an instruction should not be given when hazardous road conditions are foreseeable and there is evidence indicating negligence:

> As the Court of Civil Appeals *correctly held,* the instruction *would have been error* under the facts of this case. Use of the instruction 'should be restricted to those circumstances where the evidence indicates the occurrence was caused by *unforeseen* circumstances or conditions and not by the negligence of either party.' *(citation omitted)* . . . Use of the instruction in this matter was not indicated. The roads were visibly icy during a sleet storm. In addition, USAA's investigation and evaluation of the claim had always indicated negligence on the part of one or both parties.

---

1. 47 O.S. § 11–401(D)

2. 47 O.S. § 11–401(B)

*Newport v. Terry,* 2000 OK 59, ¶ 31, ¶ 32, 11 P.3d 190, 199 *(emphasis added).* Thus, if slick roads are foreseeable under the weather conditions, and the evidence indicates negligence prior to losing control, the instruction should not be given. *See also Huey v. Stephens,* 1954 OK 222, ¶ 8, 275 P.2d at 257.

¶ 10 When a jury is instructed on unavoidable accident, the uniform instruction directs "the jury to return a verdict in favor of defendant." *Huey v. Stephens,* 1954 OK 222, ¶ 8, 275 P.2d at 257. Such a benefit should not be available to an "automobile driver ... when his own acts have contributed to the situation in which he finds himself." *Huey v. Stephens,* 1954 OK 222, ¶ 7, 275 P.2d at 257. Accordingly:

> Great caution should be exercised in submitting a case to a jury on an unavoidable accident instruction. It should rarely be given. It should be restricted to those instances where the evidence indicates the occurrence was caused by unforeseen circumstances or conditions and not by the negligence of either party.

*Ankney v. Hall,* 1988 OK 101, ¶ 13, 764 P.2d 153, 156.

¶ 11 This is so as, generally, instructions on negligence are deemed adequate without the necessity of instructing on unavoidable accident. *Athey v. Bingham,* 1991 OK 82, ¶ 11, 823 P.2d at 348. Unavoidable accident instructions "should be restricted to those instances where the evidence indicates the occurrence was caused by unforeseen circumstances or conditions and not by the negligence of either party." *Athey v. Bingham,* 1991 OK 82, ¶ 12, 823 P.2d at 350.

¶ 12 There can be but three explanations for this collision: unavoidable accident, negligence of the plaintiff, or negligence of the defendant.[3] Here, the evidence was uncontradicted that plaintiff was legally on the roadway, stopped at a stop sign and in no way contributed to the collision. Further, the evidence is that the collision was not caused by unforeseen hazardous circumstances *and* indicated negligence on the part

of City's driver. Consequently, there was not an evidentiary basis for the giving of an unavoidable accident instruction because the City's driver was aware that it rained just prior to the collision, knew that the route he was traveling included a stop sign at the bottom of a steep hill, and yet traveled on the roadway at a speed resulting in him feeling as if he was "going 100 m.p.h. down that hill."

¶ 13 As City was not entitled to receive the benefits of an unavoidable accident instruction and as Plaintiff did not contribute to the cause of this collision, the trial court was correct in directing a verdict of liability against Defendant for this rear-end collision. The trial court's order granting a directed verdict in favor of Plaintiff on liability and the subsequent jury verdict should be, and is hereby, AFFIRMED.

HANSEN, J., concurs, and BUETTNER, C.J., dissents with separate opinion.

KENNETH L. BUETTNER, C.J., dissenting:

¶ 1 I would let the jury decide whether the City's driver was negligent. This is not such a case "where the admitted facts are so conclusive" that reasonable men could not disagree. *Gwinn v. Payne,* 1970 OK 145, ¶ 20, 477 P.2d 680, 683. While the majority emphasizes that the City's driver was familiar with the road and the intersection, it was the slipperiness of the road that was important. The evidence showed that other cars and people slipped on the unexpectedly slippery surface. After he slid, the driver witnessed a Ford Bronco with big mudder tires apply its brakes and slide all the way down the hill in the uphill lane of traffic and out onto Riverside Drive. He also saw a Chevrolet Citation slide into the curb, blow out the right front tire, go up on the grass and knock over a speed limit sign. The fact that others were lucky enough not to hit the plaintiff or other cars does not necessarily prove City's driver was negligent.

---

**3.** Defendant/Appellant City of Tulsa contends the trial court erred in not applying sovereign immunity to preclude liability when imposed due to "weather conditions," however, based on the previous finding that liability was properly imposed based upon negligence and not weather conditions, we need not address this assignment of error.

¶ 2 The majority seems to say that the fact City's Driver hit plaintiff demonstrates negligence: "City's Driver was not driving prudently as he could not bring it to a stop without colliding into another vehicle legally on the roadway." Opinion, ¶ 12. Of course, the fact that an accident occurs is not evidence of negligence. See *Keiffer v. Strbac*, 1960 OK 14, 349 P.2d 6, 8 ("The prevailing view taken by the courts is that skidding itself is no such evidence of negligence that the driver of the car that skidded should be required to rebut the inference of negligence."); *Ayers v. Amatucci*, 1952 OK 124, 243 P.2d 716 (The fact that an injury occurs carries with it no presumption of negligence.) And whether the driver was driving prudently was a question for the jury. The majority's statement regarding the driver's actions are slightly one-sided: "Despite the rain and the nature of the route, City's driver traveled at no less than the posted speed limit." Opinion, ¶ 4. The driver did testify he was driving at the 25 mph posted speed limit. Such a speed, even when it had been raining may have been determined by a jury as a prudent speed. And if the driver suddenly, without warning, hydroplaned on the wet asphalt, a reasonable jury may have found an unavoidable accident.

¶ 3 The cases relied on by the majority support this position. *Athey v. Bingham*, 1991 OK 82, 823 P.2d 347, specifically approved an unavoidable accident instruction. The Supreme Court held that based on

icy road conditions, the speed of both drivers, and the speed of other drivers in the stream of traffic, the evidence was sufficient to present as questions of fact the propositions that both parties were driving prudently for the conditions, and that the collision was unavoidable in spite of such prudent driving. The road conditions were comparable to those in *Keiffer* [*v. Strbac*, 1960 OK 14, 349 P.2d 6], *Duncan* [*v. United States*, 98 F.Supp. 483 (E.D.Okla.1951)] and *Gwinn* [*v. Payne*, 1970 OK 145, 477 P.2d 680], all *supra*, where sudden skidding was acknowledged to occur absent fault on the part of either driver.

823 P.2d at 850.

¶ 4 The Supreme Court in *Keiffer* held that sudden and unexpected skidding is one of the natural hazards of driving on icy roads and it may happen to the best of drivers. 349 P.2d at 8. The court in *Duncan* held that it was a matter of common knowledge that skidding on a slippery road may occur without any fault of the driver. 98 F.Supp. at 485.

¶ 5 The citation to *Newport v. Terry*, 2000 OK 59, ¶ 32, 11 P.3d 190, 199, is unavailing. In that case, the question was whether the insurer unreasonably and in bad faith failed to settle with its insured. When complaining that an unavoidable accident instruction should have been given, the Supreme Court said the "roads were visibly icy during a sleet storm. In addition, [the insurer's] investigation and evaluation of the claim had always indicated negligence on the part of one or both parties." *Id.* One cannot extrapolate from that quote that "if slick roads are foreseeable under the weather conditions, the instruction should *not* be given." Opinion, ¶ 9. In effect, the majority holds that *Newport*, a bad faith case, overrules, *sub silencio*, *Athey* which specifically addresses the issue.

¶ 6 Rather, *Athey* gives the primary law on when the unavoidable accident instruction should be given, which comports with the facts in this case, and is more current law than the 1954 case of *Huey v. Stephens*, 1954 OK 222, 275 P.2d 254. The Supreme Court distinguished *Huey* in *Athey* on the ground that in *Huey* there was no evidence the road was "wet, slick or slippery." 823 P.2d at 348. The reference to *Huey* is also confusing. Opinion, ¶ 10. The current uniform instruction, No. 10.9, states: "An unavoidable accident is one which occurs without negligence on the part of either party. If you find from the weight of the evidence that the accident was unavoidable, then your verdict should be for [Defendant]." The Notes on Use go on to state "[a] showing of adverse road conditions or a latent mechanical defect in an automobile might warrant the giving of this Instruction."

¶ 7 Thus, while the driver knew it had rained earlier and was familiar with the street, it was for the jury (not this Court) to decide whether driving at 25 mph was prudent and whether the sliding was "caused by unforeseen circumstances or conditions and

not by the negligence of either party." *Ankney v. Hall*, 1988 OK 101, ¶ 13, 764 P.2d 153, 156. The majority is weighing the evidence when it suggests that because there was a rear end collision, the only conclusion, as a matter of law, is negligence.[1] However, this argument was specifically rejected by the Supreme Court in *Athey:*

> The plaintiff argues that the fact that the plaintiff was rear-ended by the defendant raises the presumption that the defendant violated several rule-of-the-road statutes: 47 O.S.1981 § 11–310(a), 47 O.S.1981 § 11–801(a) and (d). (Footnote omitted.) The cases, however, do not support her argument.
>
> The fact that a motor vehicle collision occurred does not necessarily raise the presumption that the defendant was following too close, driving too fast to bring the car to a stop, or driving too fast for highway conditions.
>
> * * *
>
> Thus, the mere fact of a collision does not show a violation of the above cited statutes, nor such a showing of negligence that an unavoidable accident instruction would be improper.

823 P.2d at 349.

¶ 8 As the majority says, the general rule is that the "determination of the question of negligence, that is, what is or what is not negligence, in nearly every case is a question for the jury." Opinion, ¶ 3, *Gwinn v. Payne*, 1970 OK 145, ¶ 20, 477 P.2d 680, 683. The issue of whether an unavoidable accident instruction was warranted in this case was made irrelevant by the trial court's directed verdict on liability. The facts, when viewed in the most favorable light toward the City, were not so conclusive that reasonable persons could not disagree. The majority has determined City's driver was negligent just because he rear-ended plaintiff's car.

¶ 9 The real solution to this issue is what would have happened if the trial court had submitted the case to the jury, instead of finding negligence on its own, and the jury returned a verdict for the defendant. On appeal, would the jury verdict have been reversed? *Athey* provides the answer. Despite two jury verdicts for the defendant, who was traveling 25 mph while it was sleeting and the road was icy, and rear-ended the plaintiff, and notwithstanding two reversals by the Court of Civil Appeals, the Supreme Court affirmed the jury verdict for defendant.

¶ 10 I respectfully dissent.

---

1. The majority's statement in ¶ 12: "the evidence is that the collision was not caused by unforeseen hazardous circumstances," is exactly the issue the jury should decide where the driver and others, did not foresee the unusual slipperiness of the asphalt street.