**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JEARLDINE LAY,

      Plaintiff-Appellant,

v.

STEPHEN L. HASKINS;
LOGISTIC EXPRESS, INC.,

      Defendants-Appellees.

No. 12-6259
(D.C. No. 5:11-CV-00501-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

---

In this diversity action, Jearldine Lay appeals the judgment entered on a jury

verdict in favor of defendants on her claims for compensation due to a motor vehicle

collision. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

We provide a brief recitation of the underlying facts to frame the issues on appeal, viewing the evidence in the light most favorable to defendants as the prevailing parties, *see Therrien v. Target Corp.*, 617 F.3d 1242, 1249 (10th Cir. 2010).  On January 9, 2011, Ms. Lay and three men set out in a Chevrolet Blazer from Oklahoma City, Oklahoma, traveling east on Interstate 40 toward Lake Eufaula, where Ms. Lay had recently sold a house.  The Blazer was pulling a small trailer containing a sofa, which they intended to deliver to the house.  As the Blazer headed east from Oklahoma City toward Lake Eufaula, light snow was falling, but the temperature was relatively warm.  After driving for about 80 miles, they stopped to use the restroom.  At that point, they discussed turning back, but decided that the weather did not warrant it, so they proceeded east on Interstate 40, a divided highway.  A short time later, the weather suddenly worsened and the highway became covered with ice and snow.

The Blazer passed two vehicles and pulled into the right lane.  As it did so, the trailer fishtailed and Mr. Lovell lost control, swerving between the two lanes. Mr. Lovell aimed for the center median area and crossed in front of a semi tractor trailer rig (the semi) driven by defendant Haskins.  The semi hit the Blazer. Oklahoma Highway Patrolman Daniel Eaton responded to the scene of the accident. He interviewed the occupants of the Blazer, except Ms. Lay because she was badly injured.  Mr. Lovell, whose driver's license had been suspended, told Trooper Eaton

that Ms. Lay had been driving. Trooper Eaton issued Ms. Lay a ticket for careless driving.

Ms. Lay sued Mr. Haskins and his employer for injuries she sustained in the collision, claiming negligence. Following a three-day trial, a jury returned a verdict in defendants' favor, finding that the accident was unavoidable. Ms. Lay appeals, asserting various trial errors, as discussed below.

## II.    DISCUSSION

### A. Trooper Eaton's testimony

Ms. Lay first argues that the district court erred in allowing Trooper Eaton to testify from his accident report because it contained hearsay statements of third parties and, as a lay witness, his opinion was inadmissible, as was the police report itself. The challenged testimony was admitted as evidence of the prior inconsistent statements of Mr. Lovell and Mr. Sallee. Mr. Lovell had testified that Trooper Eaton had not asked who was driving the Blazer or how the accident occurred. Mr. Sallee had testified that he did not speak to the trooper at the scene and that although the Blazer had lost control, the driver had regained control before the collision. In response to this testimony, Trooper Eaton testified that at the scene Mr. Lovell told him that Ms. Lay was driving and that the accident was due to going too fast and losing control. Similarly, Trooper Eaton testified that he had spoken with Mr. Sallee who also said the Blazer was going too fast and lost control.

"We review for abuse of discretion a district court's ruling regarding the admissibility of evidence, including evidence intended to impeach a witness." *United States v. Apperson*, 441 F.3d 1162, 1194 (10th Cir. 2006). Trooper Eaton's testimony was not offered for the truth of the matter asserted (who was driving and how the accident happened). Rather, the testimony was offered to show that Mr. Lovell and Mr. Sallee had given prior inconsistent statements. "Evidence of a prior inconsistent statement can be used to impeach [a] witness . . . ." *United States v. Caraway*, 534 F.3d 1290, 1295 (10th Cir. 2008); *cf.* Fed. R. Evid. 613(b) ("Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires."). In addition, although Trooper Eaton referred to his report to refresh his recollection, he did not read from it, but testified from his "independent recollection," Aplt. App. Vol. II at 713. "[A]nything may be used to refresh a witness' recollection, even inadmissible evidence." *United States v. Weller*, 238 F.3d 1215, 1221 (10th Cir. 2001). Therefore, we conclude that the district court did not abuse its discretion in admitting Trooper Eaton's impeachment testimony.

**B. Higher standard of care for commercial truck drivers**

Ms. Lay asserts that the district court erred in granting defendant's motion in limine excluding references to a higher standard of care for commercial truck drivers, such as Mr. Haskins. She relies on 49 C.F.R. § 392.14, which states that

"[e]xtreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous [driving] conditions . . . adversely affect visibility or traction." The regulation requires commercial truck drivers to reduce speed and, "[i]f conditions become sufficiently dangerous," to stop driving altogether. *Id.* Ms. Lay argues that the district court excluded any reference during trial to this standard and rejected her proposed jury instruction on a higher standard of care for the semi driver. Consequently, she argues, the jury was prevented from evaluating the truck driver's negligence.

As defendants point out, Ms. Lay's counsel was not precluded from eliciting testimony on the duty of extreme caution for commercial truck drivers. He asked both his own and defendants' expert witnesses about it. Ms. Lay does not suggest what additional testimony she was not permitted to elicit and we decline to speculate. In her reply brief, Ms. Lay contends that the district court did not allow her counsel to discuss the pertinent federal regulation during closing argument. Again, this claim is not supported by the record. Counsel argued that as a commercial truck driver, defendant Haskins was under a duty of extreme caution, Aplt. App. Vol. III at 848, and counsel did not attempt any further argument on this point that the district court disallowed.

Ms. Lay also contends that the district court erred in refusing her proposed jury instruction on a higher standard of care. The court instructed the jury on the various statutory and regulatory rules for drivers including the federal requirement

- 5 -

that an operator of a commercial motor vehicle exercise "extreme caution" during hazardous road conditions. *See* Aplt. App. Vol. III at 896 (quoting 49 C.F.R. § 392.14).

"We review a district court's decision to give a particular jury instruction for abuse of discretion, but we review de novo legal objections to the jury instructions." *Ryan Dev. Co., L.C. v. Indiana Lumbermens Mut. Ins. Co.*, 711 F.3d 1165, 1171 (10th Cir. 2013) (internal quotation marks omitted). "We read and evaluate the jury instructions in light of the entire record to determine if they fairly, adequately and correctly state the governing law and provide the jury with an ample understanding of the applicable principles of law and factual issues confronting them." *Lederman v. Frontier Fire Prot., Inc.*, 685 F.3d 1151, 1154-55 (10th Cir. 2012) (internal quotation marks omitted).

Ms. Lay did not object to the district court's instruction, and, in fact, the instruction given was very similar to the instruction she proposed. *Compare* Aplt. App. Vol. III at 895-96 (negligence per se instruction given) *with* Aplee. Supp. App. at 14-15 (plaintiff's proposed negligence per se instruction). Based on our review of the instructions as a whole in the context of the entire trial, we find no abuse of discretion in the district court's instruction on the duty of care for commercial truck drivers.

## C. Unavoidable accident verdict form and jury instruction

Ms. Lay contends that the district court erred by including in the verdict form an unavoidable-accident option. The verdict form approved by the district court and submitted for the jury's use included the following language: "Do you find that the accident was unavoidable? __ Yes __ No." Aplt. App. Vol. III at 912. The jury checked the "yes" option. The district court also gave the following relevant jury instruction: "An unavoidable accident is one which occurs without negligence on the part of either party. If you find from the weight of the evidence that the accident was unavoidable, then your verdict should be for defendants." *Id.* at 901. Ms. Lay argues that the evidence did not support a finding that the accident was unavoidable and that offering this option is appropriate under Oklahoma law only where the accident was caused by unforeseen circumstances, not by the negligence of any party.[1]

The record reflects, however, that Ms. Lay did not object to the verdict form or the jury instruction. Unless a party preserves her objection by interposing a timely objection, we review only for plain error. *United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1286-87 (10th Cir. 2010). "To obtain reversal on plain-error review, the appellant must . . . show (1) an error (2) that is plain, meaning clear or

---

[1] To the extent Ms. Lay argues that the district court erred by placing the challenged question near the top of the verdict form, we reject this argument. The remaining questions for the jury to answer concerned contributory negligence and damages, matters the jury did not need to address if they found that the accident was unavoidable. Thus, it was logical for the jury to decide first whether the accident was unavoidable.

obvious under current law, and (3) affecting substantial rights." *Id.* at 1284 (internal quotation marks omitted).

"An unavoidable accident is a casualty which occurs without negligence of either party, and when all means which common prudence suggests have been used to prevent it." *Athey v. Bingham*, 823 P.2d 347, 348 (Okla. 1991) (internal quotation marks omitted).[2] The Oklahoma Supreme Court has recognized that "a sudden and unexpected skidding may occur on an icy road even in the presence of prudent driving." *Id.* at 349. But "[u]se of [an unavoidable-accident] instruction should be restricted to those circumstances where the evidence indicates the occurrence was caused by unforeseen circumstances or conditions and not by the negligence of either party." *Newport v. USAA*, 11 P.3d 190, 199 (Okla. 2000) (internal quotation marks omitted).

The evidence supported a finding that the accident was unavoidable because the slippery road conditions developed suddenly and unexpectedly just before the collision. Shortly before the collision, Ms. Lay and her party noted the falling snow, but decided that the weather was warm enough to prevent accumulation on the road and decided to continue their trip. Then Ms. Lay observed that the weather was getting worse and cautioned Mr. Lovell to slow down. Mr. Lovell and Mr. Worley

---

[2] In this diversity action, we apply the substantive law of Oklahoma. *See Eureka Water Co. v. Nestle Waters N. Am., Inc.*, 690 F.3d 1139, 1145 (10th Cir. 2012) ("In a diversity case such as this one, the substantive law of the forum state governs the analysis of the underlying claims." (internal quotation marks and ellipsis omitted)).

both testified that the weather got worse very quickly.  Trooper Eaton testified that numerous other accidents were caused by the icy road conditions in the area. Accordingly, the jury could have found that "the parties had no control over, nor could they have predicted" that the Blazer would skid and fishtail to cross in front of the semi.  *Athey*, 823 P.2d at 350.  Thus, use of the unavoidable-accident jury instruction and verdict form was not error, let alone plain error.

### D. Jury's request to review Mr. Haskins's deposition transcripts

During deliberations the jury asked for the deposition transcripts of Mr. Haskins, the semi driver.  The district court denied the request, saying, "You have all the law and evidence admitted in this case."  Aplt. App. Vol. III at 877. Ms. Lay asserts that denying the request prejudiced her because the jury had the deposition transcripts of the Blazer's occupants, so denying them the truck driver's testimony allowed the jury to emphasize only one side of the evidence.

Again, Ms. Lay did not object when the district court proposed to deny the jury's request.  *Id.* at 860.  Therefore, absent a showing of plain error, reversal is not warranted.  *See United States v. Shaffer*, 472 F.3d 1219, 1227 (10th Cir. 2007) (holding alleged error in response to jury's question warranted only plain-error review where party failed to "enter a contemporaneous objection to the District Court's answer to the jury's question, [and thus] failed to give the District Court an opportunity to pass on [the] question").  We determine that Ms. Lay has not demonstrated error by her general claim that not giving the jury all depositions

prejudiced her. On the contrary, it would appear that any unfair emphasis was to Ms. Lay's benefit, since the jury had her deposition, as well as those of two of her witnesses.

**E. Witness Donna Toomey stricken from plaintiff's witness list**

Finally, Ms. Lay contends that the district court abused its discretion in refusing to allow Donna Toomey to testify about the road conditions on the day of the accident. She argues that the testimony was relevant to refute defendants' position that the road conditions were not sufficiently hazardous to require Mr. Haskins to slow or stop the semi (although there was evidence that Mr. Haskins did slow the semi, *see, e.g.*, Aplt. App. Vol. III at 773).

Ms. Toomey would have testified that when she left Broken Arrow, Oklahoma, north of the accident site, the weather conditions were terrible and got worse the farther south she went. But this was two or three hours after the accident and she did not visit the crash location. Therefore, her testimony was not relevant to the issue of the sudden deterioration of road conditions at the accident site. General testimony about a major snowstorm in Oklahoma would not have assisted the jury to resolve the issue of the unexpected accumulation of ice and snow just before the accident. Moreover, there was ample evidence, including testimony from Ms. Lay and her witnesses, about the relevant road and weather conditions. "[T]he question of whether certain testimony is relevant to an issue before the jury is within the sound

- 10 -

discretion of the district court."  *United States v. Neighbors*, 23 F.3d 306, 310

(10th Cir. 1994).  We find no abuse of that discretion here.

### III.    CONCLUSION

Ms. Lay's motion to strike the official traffic accident report and references

thereto in the briefs is denied.  The judgment of the district court is affirmed.


Entered for the Court


John C. Porfilio
Senior Circuit Judge